JAMES BROWN, Plaintiff in Error, v. WILLIAM KEIRNS, Defendant in Error.

### ERROR TO FULTON.

On an appeal from the judgment of a justice, the bond must be, at least, in twice the amount of that judgment; if not, the appeal should be dismissed, but the appellant may avoid the difficulty by executing a sufficient bond.

THIS was an action commenced by Keirns against Brown, before a justice of the peace, in Fulton county. Keirns took an appeal to the Circuit Court of Fulton county. The penal part of the appeal-bond is as follows: " Know all men by these presents, that we, William Keirns and John Boyd, are held and firmly unto James Brown in the penal sum of fifty-four and sixty-two cents, dollars lawful money," &c. In the condition of the bond it is recited, " That whereas the said James Brown did, on the 26th day of May, 1849, before me, A. T. Robertson, a justice of the peace for the county of Fulton, recover a judgment against the above-bounden William Keirns for the sum of twenty-seven $\frac{62}{100}$ dollars, from which judgment the said William Keirns has taken an appeal to the Circuit Court of Fulton county," &c.

In the Circuit Court of Fulton county, KELLOGG, Judge, presiding, at March term, 1850, Brown entered a motion to dismiss the appeal on several grounds, one of which was that the appeal-bond was insufficient. The court denied the motion to dismiss, and the cause proceeded. Brown excepted to the ruling of the court in overruling his motion to dismiss, and brings the cause to this court by writ of error. There was not any cross-motion made to amend the appeal-bond. Keirns recovered a judgment against Brown in the Circuit Court.

The error assigned, was the decision of the Circuit Court in overruling the motion to dismiss the appeal.

BROWNING & BUSHNELL, for plaintiff in error,

Cited Rev. St. p. 323, § 58; Young v. Mason et al. 3 Gilm.

58; Sharp v. Bedell, 5 Gilm. 94; Brooks et al. v. Jacksonville, 1 Scam. 568.

H. M. WEAD, for defendant in error.

A party cannot assign for error an erroneous decision which does not prejudice his rights. 1 Scam. 340; 5 Gilm. 26.

TREAT, C. J. The court should have dismissed the appeal. The bond was in the penalty of $54.62, and it recited a judgment for $27.62. The penalty was, therefore, less than twice the amount of the judgment appealed from. We understand the statute as requiring an appeal-bond to be in the penalty of at least double the amount of the judgment. Rev. St. ch. 59, § 59. The deficit in this case may seem trifling, but the bond is nevertheless not a statutory obligation. If a departure from the statute could be tolerated in the present case, it would have to be allowed in cases of more substantial defect, and the result would be to vest clerks and justices with a mere discretion as to what should be the penalty of an appeal-bond. It was decided in Smith v. Whittaker, 11 Ill. 417, that a penalty in a larger sum than twice the amount of the judgment will not vitiate an appeal-bond; and it was intimated, in that case, that a penalty in more than double the judgment may properly be required where it is necessary for the full indemnity of the appellee. The report of that case should have stated that the bond in question was more than twice the amount of the judgment appealed from; and what was there said must be understood with reference to such a bond. But there is no authority for holding that an appeal-bond is a less penalty than double the judgment, can be regarded as a compliance with the statute. On the contrary, this court has often expressed the opinion, that the appellee has a right to insist that the bond shall strictly conform to the statute. Young v. Mason, 3 Gilm. 55; Sharp v. Bedell, 5 Id. 88. The rule cannot operate harshly upon an appellant, for he is permitted to avoid the effect of a motion to dismiss his appeal for the insufficiency of the bond, by the execution of a new bond. If he will not thus perfect the appeal when the ob-

jection is made, he must suffer the consequences resulting from his negligence.

The judgment is reversed.

*Judgment reversed.*