MARTHA A. SMITH *et al.*

*v.*

JOHNSON DAVIS, Admr.

1. APPEAL BOND—*right to insist on statutory bond.* While it is true that a bond given on appeal from the judgment of a justice of the peace, not in substance the same as that required by statute, will bind the appellant and his sureties as a common law obligation, still, the appellee has a right to insist upon a bond in the form prescribed by the statute.

2. SAME—*form held bad.* A bond given on appeal from a judgment of a justice of the peace with this condition: "Now, if the said A B and C D shall prosecute their appeal with effect, and shall pay whatever judgment may be

rendered by the court on dismissal or trial of said appeal, then," etc., is not in substantial conformity with the law of 1874. While the precise language of the statutory form need not be employed, the substance must be the same.

3. APPEAL—*dismissal for defective bond.* On motion to dismiss an appeal for want of a good and sufficient bond, the appellant may be ruled to give a statutory bond, and failing to do so, the appeal may be rightfully dismissed.

4. PRACTICE—*setting aside order dismissing appeal.* It is discretionary with the court whether it will set aside an order dismissing an appeal, and permit a sufficient appeal bond to be filed.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for the appellants.

Mr. WILLIAM WALKER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the first day of December, 1876, appellee obtained a judgment before a justice of the peace against appellants. They appealed to the circuit court, and filed an appeal bond, with this condition: "Now, if the said Martha A. Smith and John C. Smith shall prosecute their appeal with effect, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then ————," etc., which, it will be observed, is in conformity to the requirements of the statute of 1845. The 62d section of chap. 79, entitled "Justices and Constables," (Rev. Stat. 1874, p. 647,) gives this as the form of the condition of such a bond: "Now, if the said —— shall prosecute his appeal with effect, etc., and pay whatever judgment may be rendered against them by said court upon the trial of said appeal, or by consent, or in case the appeal is dismissed will pay the judgment rendered against them by said justice, and all costs occasioned by said appeal, then ————," etc. Thus it is seen the language of the two conditions is different.

Whilst it may be true that the precise language of the statute need not be employed, it is certainly true that the sub-

stance must be the same; and whilst it may be true that a bond not in substance the same would bind appellant and his sureties as a common law obligation, still, the appellee has the right to insist upon a bond in the form prescribed by the statute.   On a motion to dismiss, the appellant may be ruled to give a statutory bond, and failing to do so, the appeal may be rightfully dismissed.   Here, the bond was not in the statutory form, and appellants failing to file such a bond within the time limited by the rule, the court did right in dismissing the appeal.

It was entirely discretionary whether the court would set aside the order dismissing the appeal, and permit a sufficient appeal bond to be filed, and the record fails to show any abuse of the discretion, and we have no power to interfere.

The judgment of the court below is affirmed.

*Judgment affirmed.*