## Joseph N. Barker, Adm'r with the Will Annexed, v. Estate of Isabella H. Thompson.

1. ADMINISTRATION OF ESTATES—*Practice in Filing Claims by Administrators.*—Where a person files a claim, as the administrator of an estate, against another estate, he does so in his representative capacity, and if the claim is allowed, it is allowed to the claimant in his representative capacity, and in favor of the estate which he represents.

2. SAME—*Allowance of Claims to Personal Representatives.*—The allowance of a claim to a person as the representative of one deceased person can not be held to be allowance to him as the personal representative of another.

3. PRACTICE—*On Appeals from the Probate Court.*—The practice on appeals from the Probate Court to the Circuit Court is the same as on appeals to the latter court from the judgments of justices of the peace.

4. JURISDICTION—*Necessity of an Identified Transcript in Appeals from the Probate Court.*—On an appeal from the Probate Court, where there is on file no transcript of any judgment which can be identified with the judgment appealed from, the Circuit Court has no jurisdiction of the subject-matter and can not try the cause.

**Claim in Probate.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed November 7, 1901.

**Statement.**—This is an appeal from a judgment of the Circuit Court, rendered by that court on appeal from the Probate Court. December 12, 1898, a transcript of the record of the Probate Court was filed in the Circuit Court, showing, among other things, the following:

" The claim of Joseph N. Barker, administrator with the will annexed of the estate of Isabella H. Thompson, deceased, having been reached for adjustment, and the court having heard the evidence adduced, and being fully advised in the premises, it is ordered that said claim be allowed against said estate, for $7,639.17, as of class seven, and that said claim be paid said claimant in due course of administration."

From this order George Thompson was allowed an appeal to the Circuit Court. In his appeal bond he describes himself as administrator *de bonis non*, with the will annexed, of

Isabella H. Thompson, deceased, and this recital appears in the condition of the bond:

"The condition of the above obligation is such, that whereas, the Probate Court of Cook County, Illinois, did, on the 18th day of May, A. D. 1898, and of the May term thereof, A. D. 1898, enter an order and judgment allowing the claim of Joseph N. Barker, administrator *de bonis non*, with the will annexed, of the estate of James Reid, deceased, against the estate of Isabella H. Thompson, for the sum of $7,639.17, from which said order and judgment of the said Probate Court of Cook County, the above bounden George Thompson, administrator, has prayed for and obtained an appeal to the Circuit Court of Cook County," etc.

May 9, 1899, the case was called for trial in the Circuit Court, and the plaintiff, Barker, not appearing, his claim was dismissed at his costs. September 29, 1900, appellant moved the court to vacate the judgment of May 9, 1899, which motion was continued till November 3, 1900, when the court overruled the motion. From the order, or judgment, denying the motion to vacate the judgment of May 9, 1899, this appeal is.

William R. Plum, attorney for appellant.

Fred H. Atwood, Frank B. Pease and Chas. O. Loucks, attorneys for appellee.

Mr. Justice Adams delivered the opinion of the court.

The appeal of Thompson, the appellee, was, as appears from his appeal bond, from a judgment of the Probate Court allowing a claim in favor of Joseph N. Barker, administrator *de bonis non*, with the will annexed, of the estate of James Reid, deceased. At the time the judgment was rendered there was no transcript before the court, showing the allowance by the Probate Court of any claim in favor of the administrator *de bonis non*, etc., of the estate of James Reid, deceased. The only allowance of any claim by the Probate Court shown by the transcript on file in the Circuit Court, when the judgment of May 9, 1899, was rendered, was a transcript showing the allowance of a claim

of Joseph N. Barker, administrator *de bonis non* of the estate of Isabella H. Thompson, deceased. When one files a claim as the administrator of an estate, against another estate, he does so in his representative capacity, and if the claim is allowed, it is allowed to the claimant in his representative capacity, and in favor of the estate which he represents, and it is manifest that the allowance of a claim to one as the personal representative of Thompson, deceased, can not be held to be an allowance of a claim to one as the personal representative of Reid, deceased.

The practice on appeals from the Probate Court to the Circuit Court is the same as on appeals to the latter court from the judgments of justices of the peace. Hurd's Stat. 1899, Chap. 3, Sec. 66, Chap. 37, Sec. 8, pp. 116, 548.

There being no transcript of any judgment such as that appealed from, the court had not jurisdiction of the subject-matter when the judgment was rendered, and could not then try the cause. Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ib. 477; McGillen v. Wolff, 83 Ill. App. 227.

The court not having jurisdiction to render the judgment of May 9, 1899, it had power, at a subsequent term, to set it aside (Keeler v. The People, 160 Ill. 179, 182), and appellant's motion should have been granted. We think it probable that the attention of the judge of the Circuit Court was not specifically called to the fact of the absence of a transcript showing the judgment appealed from by Thompson. A supplemental transcript filed here shows that November 1, 1900, the Probate Court amended its judgment of May 18, 1898, so as to show a claim allowed against the Thompson estate in favor of Joseph N. Barker, administrator *de bonis non*, with the will annexed, of the estate of James Reid, instead of in favor of Barker, administrator with the will annexed of the estate of Isabella H. Thompson; but no transcript of the amended judgment was filed in the Circuit Court until December 28, 1900, nearly two months after appellant's motion to vacate had been overruled by the court. Therefore we have not considered the amended judgment of the Probate Court on this appeal.

The order overruling appellant's motion to vacate and set aside the judgment of May 9, 1899, will be reversed and the cause will be remanded for further proceedings, in accordance with this opinion.   Reversed and remanded.