Annie Haaren Appellee, v. Frank T. Miller, Administrator, Appellant.

Gen. No. 4,952.

1. ADMINISTRATION ACT—*section 68 construed.* Section 8 of the Probate Court Act adopts section 68 of the Administration Act except where there is language in the Probate Court Act distinctly contrary thereto; and appeals thereunder may be taken in the same manner as appeals are taken from a justice of the peace to the Circuit Court, except that the bond must be approved by the Probate Court and cannot be filed in the Circuit Court, but must be filed in the Probate Court.

2. APPEALS AND ERRORS—*when appeal from Probate Court properly perfected.* An appeal perfected by filing and having approved a bond within twenty days after the date of the judgment entered by the Probate Court is properly perfected notwithstanding the order for the appeal was not taken at the term at which the judgment was entered.

Contested claim in court of probate. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

DAN R. SHEEN, for appellant.

CHARLES C. DUTCH, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Appellee, Annie Haaren, filed a claim for $3,000 in the Probate Court of Peoria county, against the estate of Meent DeVries, deceased, of which estate appellant was administrator. A trial was had resulting in a verdict for $2,000 in favor of appellee, upon which judgment was entered November 27, 1906, from which an appeal was prayed and an order filed in said cause as of the November term, 1906, fixing the amount of the bond for such appeal with its surety to be approved by the court, the same to be approved within twenty days from the date of judgment, which order was signed by L. O. Eagleton, judge of the Probate Court, who took office on

the first Monday of December, 1906. Said order was "filed" December 8, 1906, but when it was made does not appear. It may be that the incoming judge qualified and assumed the duties of his office the first Monday of December before the November term was adjourned, and signed this order of appeal, which is entitled of the November term, then closed that term and opened the December term, but we will assume that the order was entered after the close of the November term but less than twenty days after judgment was entered on the claim. On December 17, 1906, appellant filed his appeal bond in conformity with said order, and it was approved.

On March 12, 1907, claimant and appellee here moved the Circuit Court to dismiss the appeal for failure of the administrator to perfect it at the term at which judgment was obtained. The court heard the argument of counsel, sustained the motion and dismissed the appeal on the ground that section 68, chapter 3, entitled "Administration of Estates" was by implication repealed by section 11 of the Probate Court Act. From this ruling appellant prosecutes this further appeal.

It is contended by appellee that under the Probate Court Act an appeal must be prayed at the term of court at which the judgment was rendered, and this judgment having been rendered at the November term and the appeal not having been prayed until the December term, the appeal is void.

Section 8 of the Probate Court Act, Hurd's Statutes, 1905, provides: "The process, practice and pleadings in said court shall be the same as those provided for the probate practice in county courts of the State, and all laws now in force or which may hereafter be enacted concerning wills, or the administration of estates, shall govern and be applicable to the practice in Probate Courts of this State."

Section 68, chapter 3, Hurd's Statutes, 1905, entitled "Administration of Estates" provides: "In all cases of the allowance or rejection of claims by the County Court, as provided by this act, either party may take an appeal from the decision rendered to the Circuit Court of the same county, in the same time and manner appeals are now taken from jus-

Haaren v. Miller.

tices of the peace to the Circuit Courts, by appellant giving good and sufficient bond with security to be approved by the county judge."

Section 11 of the Probate Court Act provides: "Appeals may be taken from the final orders, judgments and decrees of the Probate Court to the Circuit Court of their respective counties in all matters, except in proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate, upon the appellant giving bond and security in such amount and upon such condition as the court shall approve."

This section does not change the requirement of section 68, only in that it excepts from the orders of the Probate Court appealable to the Circuit Court proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate. The methods of appeal under the two sections are the same except that in an appeal from the County Court, the bond must be approved by the county judge instead of the court.

We are of the opinion that section 8 of the Probate Court Act adopted section 68 of the Administration Act, excepting where there may be something in the Probate Court Act distinctly contradictory thereto, and appeals thereunder may be taken in the same manner as appeals are taken from a justice of the peace to the Circuit Court except that the bond must be approved by the Probate Court and cannot be filed in the Circuit Court but must be filed in the Probate Court.

Section 11 of the Probate Court Act requires practically the same thing as is required by section 68 of the Administration Act, save that it expressly excepts proceedings for the sale of real estate on the application of executors, administrators, guardians and conservators, from the matters appealable to the Circuit Court. The amount and condition of the bond for the appeal in this case were fixed by the court and the bond was approved by the court and filed within twenty days of the date of the judgment, which in our opinion entitled appellant to an appeal, notwithstanding the

order for an appeal was not taken at the term judgment was entered, the practice in such cases being governed by the method of appealing from a judgment of a justice of the peace. The justice of the peace writes and signs his docket and his jurisdiction over the case is ended, but yet he may within twenty days from the date of rendering judgment approve an appeal bond and thereby an appeal is perfected.

In Barker v. Estate of Thompson, 98 Ill. App., 78, the court said: "The practice in appeals from the Probate Court to the Circuit Court is the same as on appeals to the latter court from justices of the peace."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*