## G. C. Stafford, Appellee, v. H. E. Kimmel, Executor, Appellant.

1. EXECUTORS AND ADMINISTRATORS, § 284*—*when appeal to Circuit Court properly dismissed for failure to file appeal bond.* On appeal to the Circuit Court from an order of the County Court allowing a claim against an estate, the appeal bond is jurisdictional, and where no appeal bond whatever has been filed the court may properly dismiss the appeal and deny appellant's cross-motion to file an appeal bond *nunc pro tunc.*

2. APPEAL AND ERROR, § 654*—*jurisdiction of court when no appeal bond filed.* Where a party entitled to an appeal files no bond or instrument in the nature of a bond within the time prescribed by law, the court, to which the appeal is taken, cannot permit a bond to be filed and has no jurisdiction to do anything but dismiss the appeal.

3. APPEAL AND ERROR, § 654*—*right of Probate Court to dispense with requirement of filing appeal bond.* Section 11 of the Probate Court Act, J. & A. ¶ 3269, providing for appeals to the Circuit Court upon the appellant giving an appeal bond in such amount and upon such conditions as the court shall approve, cannot be construed as authorizing the Probate Court to make an order that no bond whatever be filed, nor is such section applicable to County Courts acting as Probate Courts in counties having a population of less than 70,000.

Appeal from the Circuit Court of Perry county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

B. W. POPE, for appellant.

GEORGE W. DOWELL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, G. C. Stafford, filed a claim for five hun-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dred dollars in the County Court of Perry county against the estate of Matthew Laxon, deceased, of whose last will and testament H. E. Kimmel was executor. The claim was contested by the executor but allowed by the County Court, and the executor prayed an appeal from the order allowing the claim to the Circuit Court. The county clerk filed a transcript of the proceedings in the office of the clerk of the Circuit Court, and later appellee entered a motion in that court to dismiss the appeal because no appeal bond had been filed. Appellant then filed a cross-motion asking leave of court to file an appeal bond *nunc pro tunc*. With that motion he filed an affidavit stating that the estate was solvent, that he had called upon the county judge to fix the amount of the appeal bond, and was informed by the judge that no appeal bond was necessary, as the estate was solvent and any amount paid would be through the County Court which had control of the estate through the executor, who was an officer of the court, and duly bonded to perform the duties of his office; that said claim was allowed upon the hearing of evidence at the June term, 1913, of said County Court, but that judgment was not finally entered thereon until the October term, 1913; that said executor prayed an appeal to the following November term of the Circuit Court of said county; that his application to the county judge for leave to file a bond was made within five days after final judgment was rendered in said County Court. It should be noted, however, that the record in this case shows that the judgment allowing said claim was entered on June 3, 1913. Appellee contested the cross-motion and the court denied the same, granted appellee's motion, dismissed the appeal for want of an appeal bond, and entered judgment against appellant for costs.

It is the complaint of appellant here that the Circuit Court erred in not permitting him to file a bond as prayed for in his petition, and also in dismissing the appeal, the latter for the reason that an appeal bond

is not absolutely necessary if the court so orders, or makes no order for a bond to be filed. Section 68 of chapter 3 of the Revised Statutes of this State (J. & A. ¶ 117) provides that, "in all cases of the allowance or rejection of claims by the county court, as provided in this act, either party may take an appeal from the decision rendered to the circuit court of the same county, in the same time and manner appeals are now taken from justices of the peace to the circuit courts, by appellant giving good and sufficient bond, with security, to be approved by the county judge." The act in reference to justices provides that the party praying for an appeal from a judgment of a justice of the peace shall, within twenty days from the rendition of the judgment from which he desires to take the appeal, enter into bond with security to be approved by the justice, in case the bond is filed with him, or by the clerk of the court to which the appeal is taken in case the bond is filed with such clerk; and this act further provides that no appeal from a justice of the peace shall be dismissed for any informality in the appeal bond, but it shall be the duty of the court before whom the appeal may be pending to allow the party to amend the same within a reasonable time so that a trial may be had upon the merits of the case. R. S. ch. 79, pars. 115, 179. (J. & A. ¶¶ 6976, 7038.)

Appellant insists that as he, in good faith, called upon the county judge of said county to fix the amount of bond preparatory to making the same, but did not file it because the county judge told him he did not require an appeal bond in such cases, that he had done all that was necessary for him to do in the County Court or before the county judge to perfect his appeal, and that he should have been permitted to file a bond in the Circuit Court. Had appellant filed a bond within the time prescribed by the statute, had it been ever so imperfect, a different question would have arisen, as under the statute above referred to and the rulings of our courts of appeal it would have been the duty of

the Circuit Court to permit appellant to thereafter file a good bond in a time, to be fixed by the court, and not to dismiss the appeal on account of the insufficiency of the original appeal bond, except on a failure to file a sufficient bond within the time so fixed: *Horner v. Goe*, 64 Ill. 178; *Dunaway v. Campbell*, 59 Ill. App. 665; *Enright v. Rehbach*, 133 Ill. App. 50.

It is also well determined that where the party entitled to take the appeal files no bond or instrument in the nature of a bond, within the time prescribed by law, the court to which the appeal is taken cannot legally permit a bond to be filed for the reason that the right of appeal is purely statutory; that where the statute fixes the time within which the appeal bond must be filed, the provision is mandatory and jurisdictional and in such case the court to which the appeal is taken has no jurisdiction to do anything but dismiss the appeal. *Hill v. City of Chicago*, 218 Ill. 178; *Rozier v. Williams*, 92 Ill. 187; *Fairbank v. Streeter*, 142 Ill. 226. This rule has been applied by our courts not only to cases where no bond has been attempted to be filed, but also to cases where a joint appeal has been granted, and only one of the persons appealing files a bond, and also in cases where others than those entitled to appeal file a bond, it being held in such cases that no bond can be filed by the proper parties after the time prescribed by the statute has expired. *Tedrick v. Wells*, 152 Ill. 214; *Fay v. Seator*, 88 Ill. App. 419; *Blood v. Harvey*, 81 Ill. App. 187. In *Tedrick v. Wells, supra*, where the parties for whose use a suit was brought on a replevin bond, filed an appeal bond in which the nominal plaintiff who sued for their use did not join, the Appellate Court denied a motion for leave to file an amended appeal bond and sustained a motion to dismiss the appeal. This action of the Appellate Court was sustained by the Supreme Court which said in the course of its opinion: "You can no more amend a thing that has no existence,—not even potential,—than you can amend a void thing." In

this case appellant had wholly failed to file any appeal bond, and his motion in the Circuit Court was to file an appeal bond *nunc pro tunc.* As no appeal bond had been filed the Circuit Court had acquired no jurisdiction and had no power to sustain the cross-motion of appellant for leave to file a bond, but it properly and necessarily sustained the motion of appellee to dismiss the appeal. Appellant's contention that it is not necessary that a bond be filed if the County Court so orders or makes no order for a bond to be filed is based upon section 11 of the Probate Court Act (J. & A. ¶ 3269), which provides that appeals from the final orders, judgments and decrees of the Probate Courts to the Circuit Courts of their respective counties may be taken upon the appellant giving bond in security in such amount and upon such condition as the court shall approve.

Appellant's theory is that under this section the Probate Court may make an order that no bond whatever be filed. We do not agree to this construction of the law, but even if it were correct that provision of the law could not be availed of here as it is part of the act providing for the establishment of Probate Courts in counties having a population of 70,000 or more, and does not apply to County Courts acting as Probate Courts in counties having less population, like Perry county, where these proceedings took place.

The judgment of the Circuit Court, dismissing the appeal of the executor from the County Court, will be affirmed.

*Judgment affirmed.*