## Isadora Pence, Defendant in Error, v. H. C. Pettett, Administrator, Plaintiff in Error.

### Gen. No. 6,483.

1. EXECUTORS AND ADMINISTRATORS, § 282*—*inclusion in section 8 of Probate Court Act of section 68 of Administration Act relating to appeals from allowance or disallowance of claims.* By section 8 of the Probate Court Act (J. & A. ¶ 3266), providing that the process, practice and pleadings in the Probate Court shall be the same as those now provided or hereafter provided for probate practice in the County Courts, and that all laws now in force or hereafter enacted

concerning wills or administration of estates shall govern and be applicable to practice in the Probate Courts, section 68 of the Administration Act (J. & A. ¶ 117), providing that, in all cases of the allowance or rejection of claims by the County Court, either party may appeal to the Circuit Court in the same time and manner as appeals are now taken from justices of the peace to the Circuit Court, by appellant giving good and sufficient bond with security approved by the county judge, is included therein.

2. EXECUTORS AND ADMINISTRATORS, § 282*—*section 68 of Administration Act as governing appeals from allowance or rejection of claims by Probate Court.* Section 68 of the Administration Act (J. & A. ¶ 117), providing that, in all cases of the allowance or rejection of claims by the County Court, either party may appeal to the Circuit Court in the same time and manner as appeals are now taken from justices of the peace to the Circuit Court, by appellant giving good and sufficient bond with security approved by the county judge, governs appeals from the allowance or rejection of claims in the Probate Court, instead of the general provisions in either section 124 of the Administration Act (J. & A. ¶ 173), section 11 of the Probate Court Act (J. & A. ¶ 3269) or section 122 of the County Court Act (J. & A. ¶ 3248).

3. STATUTES, § 210*—*when particular provision prevails over general provision.* It is a settled rule of the construction of statutes that where there are two provisions, one general and designed to apply to cases generally, and another particular and relating only to one subject, the particular provision must prevail, being treated as an exception to the general provision.

4. EXECUTORS AND ADMINISTRATORS, § 282*—*how appeal from judgment of Probate Court allowing or rejecting claim must be taken.* An appeal from a judgment of a Probate Court allowing or rejecting a claim must be taken in conformity with section 1 of article 10 of the Act concerning justices and constables (J. & A. ¶ 6976), providing that appeals may be taken to the Circuit Court from the justice court and that the party praying an appeal shall, within 20 days from the rendition of the judgment, file a bond conditioned as there provided and with a penalty double the amount of judgment and costs, except that such appeal bond must be approved by the probate judge.

5. EXECUTORS AND ADMINISTRATORS, § 284*—*when appeal from disallowance of claim in Probate Court is properly dismissed.* An appeal from the disallowance of a claim in the Probate Court is properly dismissed where the bond is for an amount less than twice the judgment and costs and the appellant refuses to comply with a rule requiring him to file a sufficient bond within the specified

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time and he makes no objection to the time within which he is required to file it, even though the court does not name the penalty of the proposed bond.

6. APPEAL AND ERROR, § 300*—*what is final judgment.* A judgment of the Probate Court dismissing an appeal from the allowance of a claim is a final one and an appeal lies therefrom.

7. APPEAL AND ERROR, § 1574*—*when erroneous denial of appeal is harmless error.* The erroneous denial of an appeal from a judgment of the Probate Court dismissing an appeal from the allowance of a claim is harmless error where the administrator has the record reviewed by writ of error.

Error to the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed July 25, 1918.

CLARENCE W. HEYL and HARRY C. HEYL, for plaintiff in error.

FRANK A. HALL, for defendant in error; A. M. OTMAN, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The Probate Court of Peoria county allowed a claim in favor of Isadora Pence against the estate of Fred Hahn, deceased, in the sum of $547.50, as of the seventh class. On the same day the administrator prayed and obtained an appeal to the Circuit Court under a bond in the penal sum of $50. Said bond was given 6 days later and was approved by the probate judge. A transcript was filed in the Circuit Court. Thereafter the claimant moved to dismiss the appeal for want of a sufficient appeal bond and the administrator made a cross motion for leave to file a good and sufficient appeal bond. The latter motion was granted and the administrator was given until 2 p. m. that day to file such a bond. At 2 p. m. that day the administrator sought to prove and the claimant admitted that Mead,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the surety on the appeal bond, was sufficient security for $50. The administrator did not file another appeal bond, but declined to do so. The appeal was dismissed for noncompliance with the rule. After the appeal was dismissed the administrator sought to withdraw his cross motion and this the court denied. The administrator prayed an appeal to this court. The court denied the appeal, but allowed a bill of exceptions which was duly signed and filed. The administrator has brought the case to this court by a writ of error and the case is now before us on a rehearing.

Section 11 of the Probate Court Act (J. & A. ¶ 3269) allows appeals from the final orders, judgments and decrees of the Probate Courts to the Circuit Courts in all matters (except certain proceedings to sell real estate) upon appellant giving bond and security in such amount and upon such condition as the court shall approve. In this case the Probate Court acted under this provision, and if it was applicable the appeal should not have been dismissed. Section 8 of said Probate Court Act (J. & A. ¶ 3266) enacts that the process, practice and pleadings in the Probate Court shall be the same as those now provided or hereafter provided for the probate practice in the County Courts, and that all laws now in force or hereafter enacted concerning wills or the administration of estates shall govern and be applicable to the practice in the Probate Courts. Section 68 of the Administration Act (J. & A. ¶ 117) provides that, in all cases of the allowance or rejection of claims by the County Court, either party may appeal to the Circuit Court in the same time and manner as appeals are now taken from justices of the peace to the Circuit Court, by appellant giving good and sufficient bond with security approved by the county judge. Section 1 of article 10 of the Act concerning justices and constables (J. & A. ¶ 6976) allows such appeals from the judgments of the justices to the Circuit Court, and provides that the party

praying an appeal shall within 20 days from the rendition of the judgment file a bond conditioned as there provided, and the form given requires the penalty to be double the amount of the judgment and costs. That article permitted the bond to be filed with and approved by either the justice or the clerk of the court to which the appeal is taken. This Justices Act was adopted in 1895, but on this subject the section just cited is substantially the same as section 62 of the Act of 1872 concerning justices and constables. If section 68 of the Administration Act (J. & A. ¶ 117) applies to appeals from the allowance or rejection of claims by the Probate Court, then the bond given in this case was insufficient because not double the amount of the judgment and costs. We see no escape from the conclusion that by section 8 of the Probate Court Act (J. & A. ¶ 3266) the Administration Act is embodied therein. If so, there is one general provision for appeals under section 11 of the Probate Court Act (J. & A. ¶ 3269), and a special and different provision for appeals from the allowance or rejection of claims under section 68 of the Administration Act (J. & A. ¶ 117). This does not create any new or unusual condition, for section 124 of the Administration Act (J. & A. ¶ 173) contains a general provision for appeals differing from that of section 68 in regard to appeals from the allowance or rejection of claims. Until the Probate Court Act was passed, the administration of the estates of deceased persons had been for many years conducted in the County Courts and is yet so conducted in most of the counties of the State; yet the County Court Act in section 122 (J. & A. ¶ 3248) has a general provision for appeals upon appellant giving bond and security in such amount and upon such conditions as the court shall approve. It therefore appears that before the Probate Court Act was adopted there were two general provisions for appeals, one in the County Court Act and one in the Administration

Act, and also a different provision specially limited to the allowance or rejection of claims. So far as we are aware it has been uniformly held that upon an appeal from the County Court from a judgment allowing or rejecting a claim, said appeal must be taken under section 68 of the Administration Act (J. & A. ¶ 117), notwithstanding the two general provisions for appeals above referred to. In *Grier v. Cable,* 159 Ill. 29, where the question was whether an appeal from the County Court in the allowance of a claim in that case should have gone to the Appellate Court direct, it was held that the appeal was properly taken to the Circuit Court under the provisions of section 68 of the Administration Act (J. & A. ¶ 117). The reason why section 68 of the Administration Act (J. & A. ¶ 117) governs appeals from the allowance or rejection of claims instead of the general provision for appeals in either the Administration Act, the County Court Act or the Probate Court Act, is that it is a settled rule of construction of statutes that where there are two provisions, one general and designed to apply to cases generally, and another particular and relating only to one subject, the particular provision must prevail and it must be treated as an exception to the general provision. The special provision upon that particular subject indicates a legislative intention that it is not to be included in the general provision, and the latter is held inapplicable or is controlled by the special provision. *People v. Rose,* 166 Ill. 422, and other cases. The Administration Act and the County Court Act have been in force since the Revision of 1872-4. Before that, section 138 of the Statute of Wills of the Revision of 1845 was in force, and it allowed appeals from judgments of the court of probate to the Circuit Court "as in other cases," and those words were construed to mean "as in cases before justices of the peace" in *Horner v. Goe,* 64 Ill. 178, and *Darwin v. Jones,* 82 Ill. 107. Said provision of the Statute of

Wills allowing appeals in probate matters "as in other cases" has been in force at least ever since July 1, 1829, when it was enacted as section 133 of the Statute of Wills of that date. (Revised Laws of 1833.)

So far as we are advised there are Probate Courts in but ten of the counties of this State and most of these are in the First and Second Appellate Court Districts. The First District in *Barker v. Thompson's Estate*, 98 Ill. App. 78, an appeal from an allowance of a claim in a Probate Court, held that the practice was the same as in appeals from justices of the peace. This court so held in *Switzer v. Gertenbach*, 122 Ill. App. 26, and in *Haaren v. Miller*, 139 Ill. App. 405, an appeal from an allowance of a claim in the Probate Court of Peoria county. Each side claims the benefit of this last decision, but this arises from a failure by one side to consider the precise question presented. The motion in the Circuit Court was to dismiss the appeal because the administrator had not perfected it at the term at which the judgment was obtained, and the Circuit Court granted that motion on the ground that section 68 of the Administration Act (J. & A. ¶ 117) was repealed by section 11 of the Probate Court Act (J. & A. ¶ 3269). We held that, by section 8 of the Probate Court Act (J. & A. ¶ 3266), section 68 of the Administration Act (J. & A. ¶ 117) was adopted therein, and that as the appeal bond in that case was filed within 20 days after the judgment, as required by the Justices Act, it was filed in apt time and should not have been dismissed. The motion in the Circuit Court which was before us for review did not raise the question whether the bond was in any other respect insufficient or improper. Some language in our decision was not sufficiently guarded, and it is modified by this opinion. It was held in *Fix v. Quinn*, 75 Ill. 232, that under the Justices Act no prayer or order of appeal is necessary; that it is a sufficient praying for an appeal to enter into an appeal bond, and that it must be done

within 20 days. We are of opinion that an appeal from a judgment of a Probate Court allowing or rejecting a claim must be taken in conformity with the Justices Act, except that it must be approved by the probate judge and therefore cannot be filed and approved by the clerk of the court. Language can be found in reported decisions contrary to this conclusion, but an examination of those cases will show that, in nearly if not quite all of them, the appeal was not from the allowance or rejection of a claim but in some other probate matter not governed by said section 68.

We conclude, in conformity with the rule laid down in *Brown v. Keirns,* 13 Ill. 296, that though the bond filed in the Probate Court was insufficient, the administrator could avoid the difficulty by executing a sufficient bond. The Circuit Court therefore properly authorized him to file a sufficient bond, and inasmuch as the penalty of the bond was required by said section 68 and the Justices Act to be double the amount of the judgment and costs, it was unnecessary for the court to name the penalty of the proposed bond. The administrator did not object to the time within which he was required to file it. If the time was too short he could, no doubt, have obtained an extension of time. Instead, he announced that he would not comply with the rule. The court therefore properly dismissed the appeal. This was a final judgment and the court erred in not granting an appeal to this court therefrom. But, as the administrator has had the record reviewed by this writ of error, he was not harmed by that refusal.

The judgment is therefore affirmed.

*Affirmed.*