### In re Estate of Joseph A. Marshall, Deceased.
### St. Louis Estes, Claimant, Appellee, v. Chicago Title and Trust Company, Executor, Appellant.

### Gen. No. 28,318.

PROBATE COURTS—*order dismissing claim against estate for want of prosecution not appealable to circuit court.*    An order of the probate court dismissing a claim against the estate of a decedent for want of prosecution is not appealable to the circuit court under Cahill's Rev. St. ch. 3, ¶ 69, providing for an appeal "in all cases of the allowance or rejection of claims," especially where there is no judgment for costs.

Appeal by defendant from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.    Heard in the first division of this court for the first district at the March term, 1923. Reversed.    Opinion filed June 25, 1923.

142    APPELLATE COURTS OF ILLINOIS.

St. Louis Estes v. Chicago Title & Trust Co., 230 Ill. App. 141.

GEORGE C. OTTO and WILLIAM A. BARNES, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the executor of an estate from a judgment entered allowing a claim against said estate in the sum of $543. The matter was heard in the circuit court upon appeal taken by the claimant from the probate court, in which court a claim for the total sum of $5,184 was originally filed.

The record shows that when the matter came on for hearing in the probate court the claimant failed to prosecute his claim and that the same was dismissed by the court for want of prosecution. It was from this order that the claimant prayed an appeal to the circuit court, which was allowed, and which he perfected by filing a bond for costs. Thereafter the executor filed its appearance in the circuit court and made a motion in writing that the appeal should be dismissed for want of jurisdiction, showing as ground therefor "that the said appeal was from an order of the said Probate Court dismissing for want of prosecution a claim filed in that court by said appellant against the estate of Joseph A. Marshall, deceased, while said estate was being administered under letters testamentary issued to this appellee; and, that the statute does not authorize an appeal in such case." This motion was denied by the court and the executor excepted. The claimant has not filed any brief in this court in support of the judgment.

It is apparent that the appeal from the probate court to the circuit court was pursuant to the provision of ¶ 69 of chapter 3 of Cahill's Revised Statutes, which provides for an appeal "in all cases of the

allowance or rejection of claims." The section further provides that "such appeals shall be tried *de novo* in the circuit court." The section has been construed in *Grier v. Cable,* 159 Ill. 29, and *Pence v. Pettett,* 211 Ill. App. 588.

We do not think this section of the statute can be so construed as to authorize an appeal from an order of the probate court dismissing a claim for want of prosecution, and we think such appeals ought not to be allowed where, as here, there is no judgment for costs. The court was, therefore, without jurisdiction to hear the claim and the judgment must be reversed. We will add, however, that we have examined the evidence and are of the opinion that upon its merits the judgment could not be permitted to stand.

*Reversed.*

JOHNSTON and MCSURELY, JJ., concur.