### Dora E. Freeland, Claimant, Appellee, v. Estate of James A. Freeland, Deceased. Eva L. Reichard et al., Objectors, Appellants.[*]

1. ESTATES OF DECEDENTS—*how appeal from judgment on claim taken.* Appeals in cases of allowance or rejection of claims in the matter of decedent's estates must conform to the statutes provided therefor and must be taken in the same time and manner as provided for appeals from judgments of justices of the peace in Cahill's St. ch. 79, ¶ 116.

2. APPEAL AND ERROR—*effect of failure to file appeal bond in time.* If one entitled to take an appeal files no instrument in the nature of a bond within the time prescribed by law, the reviewing court has no jurisdiction to take any action but to dismiss the appeal.

3. ESTATES OF DECEDENTS—*time of filing bond on appeal from judgment on claim.* In case of the allowance of a claim against an estate, an appeal bond must be filed within 20 days after the rendition of the judgment by the county court.

* Received from clerk of Appellate Court, August 8, 1927.

4. ESTATES OF DECEDENTS—*right of court to set aside judgment as affecting time for filing bond on appeal from claim judgment.* Although the county court might set aside or alter a judgment on a claim against an estate after expiration of time for filing appeal bond but before the term ended, that will not affect the duty of the appellant to file the bond as provided by statute unless the time so fixed is extended before expiration thereof.

Appeal by defendants from the Circuit Court of Jasper county; the Hon. W. B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

ALBERT E. ISLEY, for appellants.

W. E. ISLEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Jasper county, dismissing an appeal taken by appellants to that court from a judgment of the county court of that county, allowing a claim against the estate of James A. Freeland, deceased, in favor of appellee.

On November 6, 1922, the county court of Jasper county entered a judgment against the estate of said deceased in favor of appellee, in the sum of $715.92, upon a claim filed by appellee, based upon a promissory note purporting to be executed by deceased in favor of appellee. It appears from the record that the only entry made of the action taken by the court on that date was the entry of the judgment in question but that under date of November 18, 1922, appellants appeared in that court and prayed an appeal from such judgment to the circuit court which appeal was "granted upon filing bond in the sum of $100.00 within thirty days." It also shows that such bond was filed with the clerk of said county court and approved by the judge thereof on the 8th day of December, 1922. Upon call of the

case in the circuit court, appellee filed her motion to dismiss the appeal on the ground that the appeal bond had not been filed within 20 days from the rendition of the judgment. This motion was granted and said appeal dismissed. If the judgment in the county court was rendered on November 6 and the bond was not filed until December 8, it was of course not filed within 20 days from the rendition of the judgment as required by the statute.

It is contended by appellants in their argument that the court, as a matter of fact, did not render such judgment on the 6th of November, but simply indicated what the judgment of the court would be, and that appellants did not know that such judgment had been rendered until the 18th day of November; that upon that date the appeal was prayed for and, the bond having been filed within 20 days from that date, the statute was complied with and the circuit court thereby obtained jurisdiction of the cause. Nothing is disclosed by the record to sustain this position, and, however that may be, this court must decide this case upon the facts as they actually appear from the record, which states that the judgment in the case was rendered on the 6th day of November, and that the bond was not filed until the 8th day of December. If the filing of a bond within 20 days after November 6 was a prerequisite to an appeal by appellants, the circuit court properly granted the motion to dismiss the appeal. Paragraph 69, chap. 3 of Smith-Hurd Revised Statutes of 1923, Cahill's St. ch. 3, ¶ 69, provides, ''In all cases of the allowance or rejection of claims by the county court, as provided in this Act, either party may take an appeal from the decision rendered to the circuit court of the same county, in the same time and manner appeals are now taken from justices of the peace to the circuit courts, by appellant giving good and sufficient bond, with security, to be approved by the county judge; and such appeals shall be tried

*de novo* in the circuit court." Section 1 of article 10 of the act on Justices and Constables, Cahill's St. ch. 79, ¶ 116, provides among other things that "The party praying for an appeal shall, within twenty days from the rendition of the judgment　\*　\*　\*　enter into bond with security to be approved and conditioned as hereinafter provided," etc. It has been repeatedly held that appeals in cases of the allowance or rejection of claims against the estates of decedents must conform to the statute and be taken in the same time and manner as appeals from judgments by justices of the peace. In the case of *Pence v. Pettett,* 211 Ill. App. 588, the Appellate Court of the second district so held in the following language: "We are of opinion that an appeal from a judgment of a Probate Court allowing or rejecting a claim must be taken in conformity with the Justices Act, except that it must be approved by the probate judge and therefore cannot be filed and approved by the clerk of the court. Language can be found in reported decisions contrary to this conclusion, but an examination of those cases will show that, in nearly if not quite all of them, the appeal was not from the allowance or rejection of a claim but in some other probate matter not governed by said section 68." To the same effect are *Haaren v. Miller,* 139 Ill. App. 405, and *Barker v. Estate of Thompson,* 98 Ill. App. 78.

It has also been held that failure to file bond in an appeal from the judgment of a justice of the peace within 20 days after the rendition of the judgment is fatal and the court to which the appeal is taken can acquire no jurisdiction of the case. (*Cochren v. Sweigle,* 213 Ill. App. 594; *Rozier v. Williams,* 92 Ill. 187.) The Supreme Court in the case of *Kemper v. Town of Waverly,* 81 Ill. 278, held that if such bond were filed only 21 days after the rendition of the judgment the appeal should be dismissed on motion. It is also a well-established general rule that where the party en-

titled to take an appeal files no bond or instrument in the nature of a bond within the time prescribed by law, the court to which the appeal has been taken has no jurisdiction to take any action but to dismiss the appeal. (*Hill v. City of Chicago,* 218 Ill. 178; *Fairbank v. Streeter,* 142 Ill. 226; *Stafford v. Kimmel,* 188 Ill. App. 281.)

Under these authorities it was prerequisite to appellants' right to appeal that they should file an appeal bond within 20 days after the rendition of the judgment on November 6, and having failed to comply with that requirement the circuit court acquired no jurisdiction except to dismiss the appeal.

It is urged by appellants that the term of the county court at which the judgment was rendered was still in session at the expiration of the 20 days, and that therefore the court could at any time after the expiration of such 20 days, and before the termination of that term of court, have altered or set aside the judgment and that had an appeal been perfected by filing a bond within 20 days after such judgment had been set aside or altered, the circuit court would have acquired jurisdiction. The record shows that such judgment was not set aside or altered and that it was the judgment entered on the 6th day of November from which an appeal was taken. But aside from this fact such position is not well taken even under the Practice Act, Cahill's St. ch. 110, providing the general rules for an appeal under which the court fixes the time within which an appeal bond may be filed. Such time might expire before the adjournment of the term at which the judgment was rendered, in which case the court would have the right to set aside or alter the judgment after the expiration of time for filing the appeal bond and before the adjournment of the term. Yet if the party praying an appeal filed a bond after the expiration of time fixed without having had such time extended before the expiration thereof, the court

appealed to would acquire no jurisdiction except to dismiss the appeal. (*Hill v. City of Chicago, supra.*) The circuit court properly dismissed the appeal and its judgment is affirmed.

*Affirmed.*