**In re Estate of Charles B. Cleveland, Deceased. On appeal of Edward A. Kuharske, Appellant, v. First Trust & Savings Bank, Surviving Executor, Appellee.**

### Gen. No. 30,154.

1. Estates of decedents—*appealability of order dismissing claim for want of prosecution.* An order of the probate court dismissing a claim against an estate for want of prosecution is a final and appealable order.

2. ESTATES OF DECEDENTS—*jurisdiction of appeal from order dismissing claim for want of prosecution.* Under Cahill's St. ch. 3, sec. 124, and Probate Court Act, sec. 11, ¶ 341, Cahill's St. ch. 37, ¶ 341, the circuit court has jurisdiction of an appeal from an order of the probate court dismissing a claim against an estate for want of prosecution.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Reversed and remanded. Opinion filed December 23, 1925. Rehearing denied January 4, 1926.

KELLY, BURNS & DALY, J. E. GOEMBEL and WALTER E. HEALY, for appellant.

EARLY & EARLY, for appellee; JOHN EARLY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Edward A. Kuharske filed his claim in the probate court of Cook county against the estate of Charles B. Cleveland, deceased, in the sum of $39,260. Afterwards the matter came on for hearing and the claim was dismissed for want of prosecution. Thereupon the claimant prayed an appeal to the circuit court of Cook county, which was allowed upon him giving bond, in the sum of $250 within twenty days, to be approved by the court. Two days thereafter the bond was filed and approved by the probate court and afterwards the record filed in the clerk's office of the circuit court. Sometime afterwards a motion was made, in the circuit court, by counsel for the executor of the estate to dismiss the appeal "for want of jurisdiction of said subject-matter." On December 6, 1924, that motion came on for hearing before the circuit court, the motion was allowed and the appeal dismissed "for want of jurisdiction" and this appeal followed.

The sole question for decision in this case is whether

an appeal will lie from the probate court to the circuit court from an order of the probate court dismissing a claim filed in that court for want of prosecution. The executor contends that the appeal was sought to be taken pursuant to the provision of section 68, chapter 3 of Cahill's Revised Statutes, and, therefore, it would not lie, because that section authorizes appeals to the circuit court only where claims are allowed or rejected by the probate court and that in the instant case the claim was neither allowed nor rejected, but was dismissed for want of prosecution. In support of this contention section 68 and the cases of *Pence v. Pettett,* 211 Ill. App. 588; *Grier v. Cable,* 159 Ill. 29 and *Estes v. Chicago Title & Trust Co.,* 230 Ill. App. 141, are cited. On the other hand, the claimant's position is that his appeal was properly taken pursuant to the provision of section 68, but if it be held that his appeal did not come within the provisions of that section, it was properly taken pursuant to the provisions of section 124 of the same chapter (sec. 124, chapter 3).

Section 68 provides that: "In all cases of the allowance or rejection of claims by the county court, as provided in this Act, either party may take an appeal from the decision rendered to the circuit court of the same county, in the same time and manner appeals are now taken from the justices of the peace to the circuit courts, by appellant giving good and sufficient bond, with security, to be approved by the county judge; and such appeals shall be tried *de novo* in the circuit court." Section 124 of the same chapter is as follows: "Appeals shall be allowed from all judgments, orders or decrees of the county court, in all matters arising under this Act, to the circuit court, in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court, and from the circuit court to the Supreme Court, as in other cases, and bonds with security to be fixed by the county or circuit court, as the case may be."

There is another section of the statute which has not been referred to by either side that we think specifically applies, viz., paragraph 341, sec. 11 of the Act to establish probate courts (chapter 37, sec. 11, ¶ 341, Cahill's St.); that section is as follows: "Appeals may be taken from the final orders, judgments and decrees of the probate courts to the circuit courts of their respective counties in all matters except in proceedings on the application of executors, administrators, guardians and conservators for the sale of real estate, upon the appellant giving bond and security in such amount and upon such condition as the court shall approve, and upon such appeal the case shall be tried *de novo*."

In the case of *Estes v. Chicago Title & Trust Co.*, chiefly relied upon by counsel for the executor, it was held, in effect, that an appeal would not lie from an order of the probate court dismissing a claim for want of prosecution to the circuit court by virtue of section 68, chapter 3, of Cahill's Revised Statutes. In that case the claim was filed in the probate court of Cook county in the sum of $5,184. When the matter was reached for adjustment in the probate court the claim was dismissed for want of prosecution and immediately an appeal was prayed and allowed to the circuit court of Cook county. In the circuit court, the executor moved that the appeal be dismissed. The motion was denied, the matter heard and the claim allowed for $543. On appeal to this court the judgment of the circuit court was reversed. The court there said:

"It is apparent that the appeal from the probate court to the circuit court was pursuant to the provision of paragraph 69 of chapter 3 of Cahill's Revised Statutes, which provides for an appeal 'in all cases of the allowance or rejection of claims.' The section further provides that 'such appeals shall be tried *de novo* in the circuit court.' The section has been con-

strued in *Grier v. Cable,* 159 Ill. 29, and *Pence v. Pettett,* 211 Ill. App. 588.

''We do not think this section of the statute can be so construed as to authorize an appeal from an order of the probate court dismissing a claim for want of prosecution, and we think such appeals ought not to be allowed where, as here, there is no judgment for costs. The court was, therefore, without jurisdiction to hear the claim and the judgment must be reversed. We will add, however, that we have examined the evidence and are of the opinion that upon its merits the judgment could not be permitted to stand.''

In that case the court's attention was not called to the provisions of section 124, chapter 3 or paragraph 341, sec. 11, chapter 37, above quoted. And an examination of the brief filed on behalf of the executor in that case (no brief having been filed by the claimant) discloses that neither of these sections was referred to in the brief. Moreover, it appears that the court there examined the evidence and found that on the merits the claim should have been disallowed.

In the *Grier* case, cited in the opinion just referred to and also cited in the brief filed in the instant case on behalf of the executor, the question decided was whether an appeal disallowing a claim filed against the estate of Sarah Lafferty, in the county court of Warren county, should have been prosecuted to the Appellate Court or circuit court, and it was held that the appeal was properly taken to the circuit court.

In the *Pence* case it was held that appeals from the allowance or rejection of claims by the probate court to the circuit court is governed by section 68 and not by section 124 and section 11 above quoted. So that it appears that the question before us in the instant case, viz., whether an appeal to the circuit court from an order of the probate court dismissing a claim for

want of prosecution, was in no way involved or considered in either the *Grier* or *Pence* case.

Section 68 of the Administration Act providing for appeals from the probate court to the circuit court is limited to the "allowance or rejection" of claims, while section 124 of the same chapter and section 11 of the Probate Court Act are not so limited. Section 124 provides for the allowance of appeals from "all judgments, orders or decrees" entered by the county or probate court to the circuit court, and section 11 of the Probate Court Act provides that appeals may be taken "from the final orders, judgments and decrees" of the probate courts to the circuit court, except appeals from the sale of real estate. We do not decide whether the appeal before us would lie by virtue of the provisions of section 68 because it is clear that it would lie pursuant to the provisions of section 124, chapter 3 and section 11 of the Probate Court Act. The order of dismissal of the claim by the probate court was a final and appealable order. *Mutual Reserve Fund Life Ass'n v. Smith,* 169 Ill. 264. And this, too, although there were no costs ordered by the probate court in its order of dismissal for the reason that no costs were incurred by either party.

In the brief filed on behalf of the claimant, it is said that the right of appeal is remedial and that statutes giving such right should be liberally construed. But we think that the reason for this rule is inapplicable to such an appeal as the one before us, for the reason that the record discloses that when the claim was reached for adjustment by the probate court, although the claimant was in court (since it appears that he immediately prayed an appeal upon the dismissal of the claim), he showed no reason why he would not proceed with the matter. The theory of filing claims in the probate court is that the matter will there be heard and adjudicated on its merits and

the party who thinks himself aggrieved by the order or judgment of the probate court given an appeal. But where a claim is reached for adjustment in the probate court and dismissed for want of prosecution, the claimant showing no reason why the matter was not there heard, the statute ought not to be liberally construed which gives the right of appeal, because his action does not appeal to a court of justice. But we must construe the law as we find it and since section 124 and section 11 above quoted authorize appeals from all judgments, orders and decrees of the probate court, we hold that the appeal was properly taken to the circuit court. It follows, therefore, that the order and judgment of the circuit or county court, dismissing the appeal for want of jurisdiction, must be reversed and the matter remanded to that court for a hearing upon the merits.

*Reversed and remanded.*

Thomson, P. J., and Taylor, J., concur.