In re Estate of W. Henry Boening, Deceased.
Francis X. Gilmore et al., Appellants, v. Ida M. Boening, Executrix of the Estate of W. Henry Boening, Deceased, Appellee.

Gen. No. 37,331.

Heard in the first division of this court for the first district at the February term, 1934. Opinion filed April 2, 1934. Rehearing denied April 16, 1934.

GILMORE, HENDRICKS & CULLEN and BUTZ, HUTCHINSON, NUTT, LANE & MURPHY, for appellants; EDWIN L. HENDRICKS, of counsel.

ALBERT E. GRAMMER, for appellee; O. W. COLER and STEPHEN S. SNYDER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Claimants in the probate court were allowed their claim in the estate of W. Henry Boening, deceased, for $1,500 as attorneys' fees for legal services alleged to have been rendered the estate, to be paid in due course of administration. The executrix, hereafter called defendant, appealed to the circuit court; upon motion of claimants the court struck the first appeal bond filed by the defendant, but denied the motion to strike the second appeal bond and approved the same; claimants, electing to stand by their motion, introduced no evidence to support their claim; the court thereupon held against them and it was adjudged that they take nothing. Claimants appeal to this court, asserting that the court was in error in denying their motion to strike the second appeal bond and to dismiss the appeal.

The right to appeal from probate proceedings to the circuit court is purely statutory and a strict compliance with the statute granting such right is required. *Davison v. Heinrich,* 340 Ill. 349; *Hall v. First Nat. Bank of Pittsfield,* 330 Ill. 234; *Drainage Com'rs v. Harms,* 238 Ill. 414.

Claimants argued below, and in this court, that the form of the appeal bond is not as prescribed by the

statute as a condition of the appeal. Defendant asserts that the appeal bond complies with certain statutes and that if it complies with the requirements of any of these statutes it is sufficient.

The question as to what statute applies to an appeal from an order allowing or rejecting a claim filed in the probate court, was considered in *Pence v. Pettett*, 211 Ill. App. 588. In that case, after citing the various statutes pertaining to appeals of judgments from the probate court to the circuit court, with their conditions, the court concludes that an appeal from a judgment allowing or rejecting a claim must be taken in conformity with ch. 79 (Justices of the Peace), ¶ 116, Illinois Statutes (Cahill), in pursuance of ch. 3, ¶ 69 (Administration of Estates) which provides, in terms, that an appeal in such a case must be taken "in the same time and manner appeals are now taken from justices of the peace to circuit courts. . . ." To the same effect are *Freeland v. Estate of Freeland*, 245 Ill. App. 286; *Haaren v. Miller*, 139 Ill. App. 405, and *Barker v. Estate of Thompson*, 98 Ill. App. 78.

It is also the rule that if the bond filed does not comply with the statute, claimants have a right to move that it be stricken and the appeal dismissed. *Pence v. Pettett, supra; Smith v. Davis*, 89 Ill. 203; *Wood v. Tucker*, 66 Ill. 276. In the latter case the court said that the appellee "should not be driven to litigate and settle doubtful legal questions before he can recover on an appeal bond; and on the failure of the appellant to execute such a bond, it becomes the duty of the court, when asked, to dismiss the appeal."

In what respects did the second bond filed fall short of the requirements of the statute? In the first bond the penalty was named at $1,500, the amount for which the claim was allowed. The court evidently recognized that this did not comply with the statute, ch. 79, ¶ 116, which provides that the penalty shall be double the

amount of the judgment and costs—hence the court properly struck the bond. The statute also gives the form of the bond, with the conditions, to be filed in such a case. The conditions are:

". . . if the (appellant) shall prosecute his appeal with effect, and pay whatever judgment shall be rendered against him by said court upon the trial of said appeal, or by consent, or in case the appeal is dismissed, or in case the matter in controversy is settled between the parties to the action without a trial by the court appealed to, will pay the judgment rendered against him by the said justice . . . and all costs occasioned by said appeal . . . then the above obligation to be void; otherwise to remain in full force and effect."

The second bond filed contained only the condition that the appellant should pay the amount of the judgment, with costs, in case a judgment was entered in the circuit court against the executrix of the estate, omitting the provisions touching "a judgment rendered by consent, or in case the appeal is dismissed, or in case the matter in controversy is settled between the parties to the action without a trial by the court appealed to." The omission of these conditions was involved in the case of *Smith v. Davis*, 89 Ill. 203. The court, after noting these omissions, said:

"Whilst it may be true that the precise language of the statute need not be employed, it is certainly true that the substance must be the same; and whilst it may be true that a bond not in substance the same would bind appellant and his sureties as a common law obligation, still, the appellee has the right to insist upon a bond in the form prescribed by the statute. On a motion to dismiss, the appellant may be ruled to give a statutory bond, and failing to do so, the appeal may be rightfully dismissed."

In the earlier case of *Brown v. Keirns,* 13 Ill. 296, the court held that the circuit court should have allowed the motion to dismiss the appeal because the bond did not comply with the statute. That was an extreme case, where the penalty in the bond was very slightly less than double the amount of the judgment. The court, however, said that although the deficit "may seem trifling," nevertheless the bond did not comply with the statute, which required the penalty to be double the amount of the judgment. We doubt if so strict a ruling would now control. In *Davison v. Heinrich, supra,* an appeal was taken to the circuit court from an order of the probate court denying the probate of a will; motion was made to dismiss the appeal on the ground that the appeal fee had not been paid; the appellants argued that the statute under which they had appealed did not provide for an appeal fee. The Supreme Court held to the contrary, saying that it is clear that the appeal is governed by the statute pertaining to appeals from justices of the peace, which required an appeal fee to be paid. As it was conceded this had not been paid, the court said, ". . . it follows that the circuit court erred in denying the motion to dismiss the appeal for want of jurisdiction (citing cases) and its decree must be reversed unless appellant has waived the question of the jurisdiction of the circuit court. . . ." In accord with this are *Hall v. First Nat. Bank of Pittsfield, supra,* and *Hill v. City of Chicago,* 218 Ill. 178. Upon the authority of these decisions, we hold that the second bond filed did not comply with the statute and that the motion of claimants to strike the same should have been allowed.

Defendant, however, says that claimants waived the question of jurisdiction by submitting themselves to the court. The record does not support this claim. Claimants filed a special and limited appearance, "for the sole purpose of questioning the jurisdiction of the

court'' in the cause. When claimants moved to strike the first bond they again repeated that they appeared specially, and when the final order was entered it shows that claimants were still appearing specially to object to the jurisdiction of the court and for the purpose of objecting to the second appeal bond, on the ground that it did not comply with the statute. The order further reads that claimants, ''to avoid a waiver of their objections to the jurisdiction of the court and to the said new appeal bond, elect to stand on their said objections and refuse to proceed with the hearing of this cause, or to in anywise participate in a trial of the said cause.'' Undoubtedly it is true that one may by his conduct, such as appearing generally and participating in a hearing on the merits, waive the question of jurisdiction. *Davison v. Heinrich, supra; People v. Southern Gem Co.,* 332 Ill. 370. But the record in this case shows clearly that claimants had done none of these things and had not waived the question of jurisdiction.

Claimants in this court ask that the judgment be reversed, which will be done, and that the cause be remanded to the circuit court with directions to dismiss the appeal. We are not disposed to accede to this latter request. The defendant could readily prepare and file a bond in the proper form, complying in every respect with the statute. She ought not be deprived of the benefit of appeal because of her failure to do this and of the erroneous view of the trial court in holding that the bond was in statutory form. We are inclined to think that justice would be better served if the cause were remanded to the circuit court with directions to grant the motion of claimants to strike the second appeal bond and to permit the defendant to file a new appeal bond within a short day, to be fixed by the court. In *Zuckerman v. Hawes,* 146 Ill. 59, the Appellate Court struck an appeal bond and dismissed

the appeal. The Supreme Court said, in substance, that the appellant had attempted to comply with the order of the court in filing the bond, and that while the court properly struck it, it should have allowed the appellant further time within which to file a good bond, and that to refuse to grant this time and to instantly dismiss the appeal would result in wrongfully depriving the appellant of the benefit of his appeal. The judgment of the Appellate Court was reversed and the cause was remanded with directions to permit the appellant to file a new bond. This will be the order in the present case.

The judgment is reversed and the cause is remanded to the circuit court with directions to sustain the motion of the claimants to vacate the order approving the second appeal bond, and to allow the defendant to file another appeal bond within such time as the court may in its discretion fix.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.