W. C. HALL, Appellant, vs. THE FIRST NATIONAL BANK OF PITTSFIELD et al. Exrs., Appellees.

*Opinion filed April 21, 1928.*

1. APPEALS AND ERRORS—*provision for appeal must be strictly followed.* As the right of appeal is purely statutory the statute granting such right must be strictly complied with, and in cases where the statute fixes the time within which the appeal bond must be filed the provision is mandatory and jurisdictional, and the court from which the appeal is taken is without power to extend the time.

2. SAME—*court cannot approve appeal bond not filed in time allowed.* Where a court, in granting an appeal, fixes the time within which the bond is to be filed, it retains jurisdiction over the question until the expiration of the time limited by the order, and it may, either at the term when the appeal is allowed or at a subsequent term before expiration of the time allowed for filing, extend such time, but if the time fixed in the order as made or extended has expired, the jurisdiction is lost and the act of the court in approving the bond is a nullity.

3. WILLS—*when county court cannot approve appeal bond at a subsequent term.* The statute makes no provision of time for filing an appeal bond in a probate proceeding, and where the county court, in allowing an appeal from an order dismissing a petition to set aside an order of probate and appointing executors, makes no provision of time within which the appeal bond is to be filed, the court, after the expiration of the term in which the appeal was allowed, loses jurisdiction to fix such time or enter any further order in the cause and cannot approve a bond filed at a subsequent term; and where it appears from endorsements on the back of the bond that it was filed and approved at a subsequent term the circuit court does not err in dismissing the appeal.

APPEAL from the Circuit Court of Pike county; the Hon. FRED G. WOLFE, Judge, presiding.

A. W. SCHIMMEL, CAPPS & WEAVER, and MARSH, LEWIS & THOMPSON, for appellant.

L. T. GRAHAM, and WILLIAM and BARRY MUMFORD, for appellees.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Thomas N. Hall, a resident of Pike county, died testate August 26, 1926, leaving an estate consisting of both real and personal property in Illinois, and leaving him surviving as his heirs-at-law, William C. Hall, the petitioner, and many nephews and nieces. The will provided for the appointment of the First National Bank of Pittsfield, Illinois, and Alonzo Leonard, as executors. The bank and Leonard filed their petition on August 30, 1926, for the probate of the will, and the will was admitted to probate on the 4th day of October, 1926, and thereafter the bank and Leonard were appointed executors of the will and qualified as such. On May 25, 1927, W. C. Hall filed his petition in the county court of Pike county praying that the order of probate of October 4, 1926, and the order entered granting letters to the bank and Leonard as executors, be declared null and void and of no effect, upon the ground that the petition for the probate of the will was not verified by affidavit and that no amended or supplemental petition for the probate of the will was at any time thereafter filed, and setting up, among other things, that the will was not executed or witnessed as required by law. The county court, on motion, ordered the petition stricken from the files, from which order Hall, as petitioner, excepted and prayed an appeal to the circuit court of Pike county, which the court allowed upon the filing of an appeal bond in the sum of $200, to be approved by the clerk of the court. The petitioner filed

his appeal bond in the sum of $200, on the back of which bond appeared, among other things, the following: "Appeal bond from county court to circuit court, Pike county, Illinois." "Filed July 9, 1927.—J. D. Harpole, county clerk." "Taken and approved this 9th day of July, A. D. 1927.—J. D. Harpole, county clerk." "Approved by me this 9th day of July, A. D., 1927.—Mark Bradburn, county judge." The county court approved the bond on July 9, 1927. Upon call of the cause in the circuit court counsel for the executors limited their appearance strictly to the making of the following motion: "The above named parties move that the appeal in the above entitled matter be dismissed for want of jurisdiction in this court." The circuit court sustained the motion to dismiss the appeal for want of jurisdiction and dismissed the appeal, whereupon the petitioner prayed an appeal, which was allowed.

It is contended by appellant that the appeal bond from the county court to the circuit court was filed in apt time and that the circuit court erred in dismissing the appeal. This was an appeal of the character for which provision is made by section 122 of the County Court act, (Cahill's Stat. 1927, p. 824,) which provides as follows: "Appeals may be taken from the final orders, judgments and decrees of the county court to the circuit court of their respective counties, in all matters except as provided in the following section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. Upon such appeal, the case should be tried *de novo.*" The right of appeal is purely statutory and the statute granting such right must be strictly complied with. In cases where the statute fixes the time within which the appeal bond must be filed the provision is mandatory and jurisdictional and the court from which the appeal is taken is without power to extend the time. (*Hill* v. *City of Chicago,* 218 Ill. 178.) In cases like this one the statute does not fix the time within which the

bond must be filed but allows the court granting the appeal to fix such time by its order allowing the appeal. In the instant case, in the order allowing the appeal the court did not fix a time within which the appeal bond should be filed. The order allowing the appeal was entered at the June, 1927, term of the county court, and no order was entered in the cause extending the time for filing the bond to a time beyond the expiration of the June term. Where a court in granting an appeal fixes the time within which the bond is to be filed the court retains its jurisdiction over the question until the expiration of the time limited by the order, and may, either at the term when the appeal is allowed, or at a subsequent term before the expiration of the time allowed, extend such time, but if the time fixed in the order as made or extended has expired the jurisdiction is lost and the act of the court in approving the bond is a nullity. (*Hill* v. *City of Chicago, supra.*) Where the statute does not fix a time within which the bond or appeal must be filed but requires the court granting the appeal to fix such time by its order allowing the appeal, the fixing of such time is a judicial act, which can be performed only in term time by the court while the court has jurisdiction of the cause; and where the time for approving the bond has not been extended beyond the expiration of the term at which the order granting the appeal has been entered, upon the expiration of the term the court loses all jurisdiction in the premises and can make no further order with reference to the appeal bond. In the instant case the appeal bond was not filed and approved within a time fixed by the county court, and, the term at which the appeal was allowed having expired before the approval of the bond, it was therefore a nullity, and the circuit court did not err in dismissing petitioner's appeal.

The order dismissing the appeal is affirmed.

*Order affirmed.*