(No. 19108.—

JUNIOR H. DAVISON *et al.* Appellees, *vs.* LELA DAVISON HEINRICH, Appellant.

*Opinion filed June 20, 1930—Rehearing denied October 11, 1930.*

350

·Quinn & Quinn, and Fort & Fort, (C. V. O'Hern, and Emerson T. Anthony, of counsel,) for appellant.

Ernest J. Henderson, and Horace H. Baker, guardians *ad litem,* (George W. Hunt, of counsel,) for appellees.

Per Curiam: Original proceedings were instituted in the county court of Woodford county to probate an instrument purporting to be the last will and testament of Adelbert H. Davison, deceased. On December 27, 1927, the probate thereof was denied, and the appellees, Margaret Heinrich and Junior H. Davison, who are minor grandchildren of Adelbert H. Davison and beneficiaries under his will, on the same day prayed for and were allowed an appeal to the circuit court. On the same day Ernest J. Henderson, who had been appointed guardian *ad litem* for Margaret Heinrich, and Horace H. Baker, who had been appointed guardian *ad litem* for Junior H. Davison, filed their appeal bond, in which they described themselves, respectively, as guardians for the minors, which bond was in all respects conditioned according to law and was approved by the county judge and filed with the county clerk on the same day. Some time during the following March they paid the appeal fee to the clerk of the circuit court, and on March 22 of the same year filed with him the record of the county court proceedings. On April 2, 1928, appellant, Lela Davison Heinrich, who is a daughter of Adelbert H. Davison, filed in the circuit court her motion to dismiss the appeal for want of jurisdiction, on the grounds that the

appeal fee had not been paid within twenty days from the entry of the order appealed from and that the appeal bond was executed by Baker and Henderson, respectively, in their individual capacities and not as guardians *ad litem*. She limited her appearance especially for the purpose of the motion. The motion was overruled. A hearing on the merits ensued, at which counsel for appellant participated, and which resulted in the entry of an order admitting the instrument to probate, from which order Lela Davison Heinrich has appealed to this court.

The questions raised by appellant are that the circuit court should have dismissed the appeal for the reasons that the bond filed was not the bond of appellees, that the appeal fee had not been paid and the appeal perfected in the time required by the statute, and that no guardians *ad litem* were appointed by the circuit court upon the hearing in that court.

The right to appeal from the county court to the circuit court in probate proceedings is purely statutory and a strict compliance with the statutory provisions is required. (*Hall* v. *First Nat. Bank,* 330 Ill. 234; *Hill* v. *City of Chicago,* 218 id. 178.) Section 14 of the Wills act provides that such appeals may be taken "in the same time and manner as appeals may be taken from justices of the peace." The statute governing appeals from justices of the peace, in force at the time the appeal from the county court was taken in this case, requires that "the fee provided by law for the filing of such appeal" shall be paid by "the party praying for an appeal * * * within twenty days from the rendition of the judgment" appealed from. (Hurd's Stat. 1927, chap. 79, par. 116.) At the time section 14 of the Wills act was enacted the statute governing appeals from justices of the peace contained no appeal fee requirement. (Rev. Stat. 1874, chap. 79, sec. 62.) The appellant maintains that the appeal from the county court in this case is governed by the statute providing for appeals from justices of

the peace, in force at the time such appeal was taken. The appellees assert that it is governed by the statute providing for appeals from justices of the peace in force at the time section 14 was enacted.

It is a well settled rule of statutory construction that where the reference in an adopting statute is to the law generally which governs the particular subject and not to a particular act, by title or otherwise, the reference will be regarded as signifying and including the law in force on the subject at the time it is invoked. (*People* v. *Kramer*, 328 Ill. 512; *People* v. *Crossley*, 261 id. 78; *Culver* v. *People*, 161 id. 89.) Applying this rule, it is clear that the appeal from the county court in this case is governed by the statute pertaining to appeals from justices of the peace, in force at the time such appeal was taken, which required the appeal fee to be paid by the appellees within twenty days from the entry of the order appealed from. It is conceded that this requirement was not complied with, and it follows that the circuit court erred in denying the motion to dismiss the appeal for want of jurisdiction, (*Hall* v. *First Nat. Bank, supra; Hill* v. *City of Chicago, supra*;) and its decree must be reversed unless appellant has waived the question of the jurisdiction of the circuit court by appearing generally in that court and participating in the hearing on the merits.

The circuit court had jurisdiction of the subject matter of appeals from the county court in cases where wills have been admitted to probate or their probate rejected by the county court. When the guardians *ad litem*, in the county court after they had prayed and been allowed an appeal to the circuit court, had approved and filed in the county court their appeal bond within the required time and filed the transcript of the proceedings of the county court in the circuit court, the circuit court then had jurisdiction of not only the subject matter of such appeals generally, but had jurisdiction of this particular case to determine whether the ap-

peal had been perfected according to law. (*Kemper* v. *Town of Waverly*, 81 Ill. 278; *Mitchell* v. *Jacobs*, 17 id. 235; *Pearce* v. *Swan*, 1 Scam. 266.) After appellant's motion to dismiss had been overruled by the circuit court she did not rest upon her then existing rights, but in open court entered into a stipulation that the case should be tried by the court without a jury, and upon the trial her attorneys appeared, entered into a stipulation, cross-examined witnesses, objected to the testimony of witnesses and made motions as to the striking out of a portion of the testimony. By so doing she abandoned her special appearance, appeared generally and subjected herself to the jurisdiction of the court. (*People* v. *Southern Gem Co.* 332 Ill. 370; *Kunde* v. *Prentice*, 329 id. 82; *Freesen* v. *Scott County Drainage District*, 283 id. 536; *People* v. *Smith*, 281 id. 538; *Easton* v. *Altum*, 1 Scam. 250; *Mitchell* v. *Jacobs, supra.*) The court then had jurisdiction of the subject matter generally, jurisdiction of the particular case and jurisdiction of all the parties, and therefore had authority to hear and adjudicate the case. *Ladies of Maccabees* v. *Harrington*, 27 Ill. 511.

As to appellant's contention that the circuit court erred in not appointing guardians *ad litem* for the minor appellees, suffice it to say that the abstract shows the appearance of H. H. Baker and Ernest J. Henderson as guardians *ad litem* for the respective minor appellees; that the attorneys for appellant recognized them as such by entering into a stipulation with them, and that the court allowed them to examine witnesses on behalf of the minors and in its decree recited "that Horace H. Baker, a regular practicing attorney at this bar, was appointed guardian *ad litem* for Junior H. Davison, and that Ernest J. Henderson, a regular practicing attorney at this bar, was appointed guardian *ad litem* for Margaret Heinrich." A guardian *ad litem* is appointed solely to see that the rights of his ward are properly protected, and when the decree entered fully protects

the rights of the minors it is no concern of the opposite party as to whether or not a guardian *ad litem* was appointed. When the decree recites the appointment of a guardian *ad litem* for a minor but the record shows no separate order of appointment it will be presumed that the appointment was regularly made. *Tibbs* v. *Allen,* 27 Ill. 119.

No other questions arising from the record, the decree of the circuit court is affirmed. *Decree affirmed.*