The People of the State of Illinois ex rel. Sidney H. Dilks, State's Attorney, and George F. Onken, Appellees, v. The Board of Education of the Paxton Community High School District No. 117, in Ford County, Appellant.

Gen. No. 8,939.

Opinion filed ·January 17, 1936.

LINDLEY, PACEY & JOHNSON, of Paxton, for appellant.

Sidney H. Dilks, State's Attorney, Middleton & Middleton, of Gibson City, and Dobbins & Dobbins, of Champaign, for appellees.

Mr. Presiding Justice Davis delivered the opinion of the court.

This is an appeal taken by the board of education of the Paxton Community High School District No. 117, in the county of Ford and State of Illinois, from a judgment of ouster entered by the circuit court of Ford county.

Sidney H. Dilks, State's attorney of Ford county, by leave of court filed an information in the circuit court of said county in the nature of a quo warranto. The information alleged that the same was filed at the relation of him, the State's attorney, and George F. Onken according to the form of the statute in such case made and provided, and gave the court to understand and be informed that the board of education of the Paxton Community High School District No. 117, in the county of Ford and State of Illinois, for the space of one year and more last past unlawfully usurped and exercised, and still does usurp and exercise without any warrant, charter, grant, right or authority of law whatsoever, the governmental functions and franchises, powers and privileges of paying out of funds belonging to said Community High School District to pupils attending the high school conducted by defendant, and which pupils resided in a non-high school district territory in said county of Ford and other counties in the State of Illinois, sums of money to reimburse said pupils for the cost of their transportation and for amounts expended by them for transportation in attending said high school, all of which governmental functions, franchises, powers and privileges the said defendant during the time aforesaid in the county aforesaid upon said inhabitants and people has usurped, and still does usurp,

to the damage and prejudice of said people and against the peace and dignity of the People of the State of Illinois.

The petition prayed the consideration of the court in the premises, and due process of law in that behalf, to make the said board of education of Paxton Community High School District No. 117, in the county of Ford and State of Illinois, answer to the said People of the State of Illinois by what warrant or authority it claims to have, use and exercise said governmental functions, franchises, privileges and powers as aforesaid in, upon and over the inhabitants of said county of Ford and State of Illinois.

To said information for amended plea defendant says that it has been, for more than 10 years last past, organized under the laws of the State of Illinois as a Community High School District; and that defendant's district has now, and has had for more than 10 years last past a population of 1,000 or more, and not exceeding 100,000 inhabitants, and that the territory belonging to defendant's district is composed of (here follows description of lands embraced within said district), all situated in the county of Ford and State of Illinois; and that this defendant has for over three years last past and is now conducting in said district a recognized four-year high school; that the Armstrong Township High School District No. 225 of Vermilion County, Illinois, is located about 10 miles southeast of defendant's said district in the county of Vermilion and State of Illinois; that the Loda Township High School District No. 239, of Iroquois and Ford Counties, Illinois, adjoins the defendant's said school district on the north; that defendant's district, except on the north, is completely surrounded by a large territory containing a large number of high school pupils residing in non-high school territory; that the per capita cost of maintaining defendant's high school district for the

school year of 1933 and 1934 and tuition charged to nonresident pupils was $101.67; that there were 79 pupils, part of them attending part time and part of them all the time, that attended said defendant's high school for said year who resided in non-high school territory and that the amount already collected and to be collected as tuition from pupils residing in non-high school territory for said year by this defendant is the sum of $7,501.17.

That on or about January 1, 1933, said Armstrong High School District started running buses in and to said non-high school territory surrounding defendant's school district and hauling pupils to and from its high school free of charge, and during all of the time, from January 1, 1933, up to and including the present time, the said Armstrong High School District has been making overtures to pupils residing in non-high school territory, including the non-high school territory surrounding defendant's district, and offering to transport all such pupils who would attend its high school to and from its high school free of charge; and during all such time have transported such pupils, who would attend its said school, to and from their respective homes free of charge to said pupils.

That defendant's high school is located in the city of Paxton, and that the village of Clarence is located in non-high school territory east of Paxton, about six miles; and defendant avers that the said Armstrong High School District ran free buses up to said village of Clarence, within a mile of the boundaries of this defendant's school district, and offered to transport the pupils residing in said non-high school territory, who would attend its school district, free of charge to and from said school to their respective homes; and solicited and endeavored to obtain pupils who were already attending this defendant's school to attend said Armstrong school, offering free transportation to

such pupils who would attend its school in Armstrong, Illinois.

This defendant further avers that within the last three years the said Loda Township High School District No. 239 of Iroquois and Ford counties, Illinois, have offered to pay, and did pay, to a large number of high school pupils residing in non-high school territory, adjoining defendant's school district, who would attend its said high school, their respective gasoline bills which were necessitated by driving to and from their respective homes to the high school belonging to the said Loda High School District.

Defendant further avers that on account of the said Armstrong High School District furnishing free transportation to and from its said school to pupils residing in the non-high school territory surrounding this defendant's said school district and the said Loda High School District of paying the gasoline expenses of pupils who would attend its said school, who resided in non-high school territory adjoining this defendant's school district, this defendant did, during the school year of 1933 and 1934, give to the pupils who attended its said school, who resided in the said non-high school territory adjoining this defendant's school district, the sum of $30 per pupil, as it had a lawful right to do, under clause 18 of the 3rd amendment of 1927 of section 115 of chapter 122 of the Revised Statutes of the State of Illinois, to take care of the gasoline expended by them in transporting themselves to and from the said high school belonging to the defendant.

Defendant further avers that none of the money raised by taxation was ever used toward the payment of such gasoline bills, but such gasoline bills were paid out of money collected by it for the tuition of such pupils; and defendant further avers that on account of the actions of the said Armstrong High School District continuing to maintain its free transportation for

such pupils in said territory who attended its said high school and of the payment of the gasoline bills of such pupils by the said Loda High School District, it is still offering and agreeing to pay, as it has a lawful right to do, under clause 18 of the 3rd amendment of 1927 of section 115 of chapter 122 of the Revised Statutes of the State of Illinois, to pupils residing in non-high school territory surrounding defendant's said district who attended defendant's said school the sum of $30 out of tuition money collected by said defendant, for the school year of 1934 and 1935, for each of said pupils to pay his gasoline expense for the transportation expense of such pupils from and to this defendant's said school.

The plaintiff, the People of the State of Illinois ex rel. Sidney H. Dilks, State's attorney, and George F. Onken, by their attorneys, filed a demurrer to the said amended plea and moved to strike the same from the files.

The following are among the grounds of demurrer and motion to strike:

1. Because said plea does not show any legal power on the part of said defendant paying to pupils attending the said high school, and residing in non-high school territory, any sums to reimburse them for their cost of transportation.

3. Because said amended plea is not sufficient in law to constitute any defense to the usurpation charged in the information.

Said motion to strike and demurrer to the amended plea came on for hearing before the court, and the following order and judgment of the court was entered:

And now on this 13th day of June, A. D. 1935, the same being one of the regular judicial days of the April term, A. D. 1935, of said circuit court and said court being in regular open session pursuant to law, come the People of the State of Illinois on relation of

Sidney H. Dilks, State's attorney, and George F. Onken, and having filed their Motion to Strike and Demurrer to the Amended Plea heretofore filed in the said cause, and the court having treated the said Motion to Strike as a demurrer to the said amended plea, does sustain the same upon the first and third grounds set forth in said motion to which decision the defendant then and there excepted, and holds that said amended plea is not sufficient in law to constitute any defense to the usurpation charged in said information to which holding the defendant then and there excepted and because of the insufficiency of said plea to constitute any such defense to the said usurpation charged in said Information, the said motion and demurrer is hereby sustained, to which holding the defendant then and there excepted.

And the said defendant having announced their election to abide by their said plea and to plead no further in said cause, the court does therefore adjudge the said defendant guilty as charged in said information, to which judgment the defendant then and there excepted, and judgment of ouster is hereby entered against the said defendant, the board of education of the Paxton Community High School District No. 117 in the county of Ford and State of Illinois from hereafter claiming or exercising the function, franchise, power or privilege of paying out of funds belonging to said Community High School District to pupils attending the high school conducted by said defendant and residing in non-high school territory in the county of Ford or other counties in the State of Illinois, any sum of money to reimburse such pupil or pupils for the cost of their transportation or for amounts expended by them for transportation in attending the high school conducted by said defendant in said Community High School District, to which judgment the defendant then and there excepted.

. And it is further ordered and adjudged that the relators have and recover of the defendant all costs of the prosecution of this cause to be taxed by the clerk of this court and that judgment be entered against the said defendant for said costs in favor of the relators herein and that execution issue therefor, to which order and judgments the defendant then and there excepted and prays an appeal to the Appellate Court for the Third District of the State of Illinois which appeal is hereby granted the defendant without the defendant giving bond, and that this appeal shall operate as a supersedeas.

A notice of appeal was filed by defendant on June 25, 1935, and a praecipe for record on the same day.

On September 28, 1935, a supplemental record was filed in said cause, by the permission of this court, from which it appears that on the first day of July, 1935, the plaintiff-appellee filed in the office of the clerk of the circuit court of Ford county a motion, which was as follows:

And now comes the plaintiff in the above entitled cause and moves this honorable court to amend and modify the judgment entered in the above entitled cause on the 13th day of June, A. D. 1935, the same being within 30 days of the filing of this motion, by striking from said order and judgment the words, ''and that execution issue therefor,'' notice of this motion having been given to the defendant in said cause on the 29th day of June, A. D. 1935.

And it further appears that on the 15th day of July the circuit court upon a hearing on said motion entered the following judgment:

And now, on this 15th day of July, A. D. 1935, came the plaintiffs in the above entitled cause and presented their motion that the order and judgment entered in this cause on the 13th day of June, A. D. 1935, be amended and modified by striking therefrom the words, ''and that execution issue therefor,'' and it being

shown to the court that notice of this motion was duly given to the attorneys for the defendant in said cause and that the same would be presented to this court on this date, and the court having duly considered said motion, It Is Ordered that there be stricken from said order and judgment entered on the 13th day of June, A. D. 1935, the said words, ''and that execution issue therefor.''

It is contended by appellant that the court erred in sustaining the demurrer of plaintiff to the amended plea of defendant and in entering a judgment of ouster and for costs and in awarding an execution.

It is further contended that the circuit court of Ford county was without jurisdiction to enter the order on July 15, 1935, amending the judgment in said cause and that the supplemental record filed is no part of the record in this court because notice of appeal had been served on June 24, 1935, and had been filed on June 25, 1935, and the record in the case had been made up and certified by the clerk of the circuit court on July 1, 1935, and this court had obtained jurisdiction of said case.

It is argued by the defendant that because the Armstrong High School was running a bus in the non-high school territory adjoining defendant's district and transporting pupils free of charge to and from its said school and the Loda High School was paying the gasoline bills of pupils in such non-high school territory who would attend its high school, that the court can readily see it was a question for appellant to either do something or lose practically all of the $7,501.77 which it collected as tuition from non-high school pupils; that there was only one thing to do to meet the competition, and, as averred in its plea, it paid the pupils who resided in non-high school territory the sum of $30 of the tuition money received for such pupils for gasoline bills.

It is said that clause 18 of section 115 of chapter 122 of the Revised Statutes of Illinois expressly grants the power to provide free transportation for pupils, and that there is no restriction placed on the power. Reference is made to one of the four amendments made to said section 115 by the Legislature in 1927, and passed on June 29 and in force July 1, 1927. Ill. State Bar Stats. 1935, ch. 122, ¶ 123, Laws 1927, p. 819, sec. 115.

Power 18 with which boards of school directors are clothed reads as follows:

"Eighteen. To provide free transportation for pupils,—and where, in the judgment of such board of directors the interest of the district and of the pupil therein will be best subserved by so doing such board of directors may permit pupils in such district or in any particular grade to attend schools of other districts, and such board of directors may provide free transportation for such pupils and shall pay the tuition of such pupil to such schools attended: *Provided,* that such board of directors, subject to the approval of the county superintendent of schools may determine what schools outside of their district such pupil shall attend; *and provided, further,* that nothing herein contained shall be construed as requiring the board of directors or board of education of any district to admit pupils to another district."

A board of directors is an agency of the State having existence for the sole purpose of performing certain duties deemed necessary to the maintenance of an "efficient system of free schools" within the particular locality in its jurisdiction. *Kinnare v. City of Chicago,* 171 Ill. 332. School districts derive their existence and all their powers from the legislature and have no inherent power. *City of Chicago v. M. & M. Hotel Co.,* 248 Ill. 264, 269. They have only such powers as are conferred expressly or by necessary implication. *Lincke v. Moline Board of Education,* 245 Ill. App. 459.

Boards of Education of Community High School Districts possess all the powers conferred by statute upon boards of school directors.

The power conferred by the above quoted provision is to provide free transportation for pupils residing within the district and to provide free transportation and pay tuition for such pupils of the district as are permitted to attend the schools of other districts. Neither by the language used nor by necessary implication is the board of directors authorized to provide free transportation for pupils residing outside of their district. Only the directors of the school districts in which the pupils reside are authorized to provide free transportation to those who may be permitted to attend schools in other districts.

The circuit court did not err in sustaining the demurrer of the plaintiff to the amended plea of the defendant as it failed to set forth facts sufficient to justify its action in providing free transportation for pupils attending its school who are residents of non-high school territory.

We are of opinion that the contention of appellant that the circuit court erred in entering judgment for costs is without merit. It is true that at common law costs are not recoverable and can only be imposed and recovered when authorized by statute. *Wintersteen v. National Cooperage & Woodenware Co.*, 361 Ill. 95.

It is provided, however, by sec. 10, ch. 33, Ill. State Bar Stats. 1935, that if judgment is given for plaintiff upon demurrer directed against an answer of the defendant that plaintiff shall recover costs against the defendant. And it is also provided by sec. 6, ch. 112, Ill. State Bar Stats. 1935, that any corporation against whom an information in the nature of a quo warranto is filed is adjudged guilty as charged in the information and a judgment of ouster is given, judgment shall also be given in favor of the relator for costs.

It is urged that under the provisions of par. 391, sec. 267, ch. 122, Ill. State Bar Stats. 1935, judgment for costs could not be given against appellant. We are of opinion that the provisions of this section have no application to suits of this character. *Illinois Cent. R. Co. v. Trustees of Schools,* 212 Ill. 406.

An appeal is deemed perfected when the notice of appeal is filed in the lower court, and constitutes a continuation of the proceeding in the court of review. An appeal under the provisions of the Civil Practice Act, unlike an appeal under the Practice Act of 1907, does not suspend the operation of the judgment appealed from unless the appellant shall, after notice duly served, give and file a bond within 30 days after entry of such judgment or within such further time as the trial court may allow within such 30 days.

When an appeal is prosecuted by a public, municipal, governmental or quasi-public corporation the trial or review court may without requiring any bond to be given order that the appeal shall operate as a supersedeas. The record in this case fails to show that appellant gave any notice of its intention to ask to have the notice of appeal made a supersedeas by the giving and filing of a bond or for an order of the trial court that the appeal operate as a supersedeas without requiring it to give any bond.

It is just as necessary to give notice and have an order entered by the trial court that the appeal shall operate as a supersedeas without requiring any bond to be given as it is to give notice and give and file a bond and have the same approved by an order of the trial court in order that the notice of appeal shall operate as a supersedeas. The word "may" as used in subsection (3) of section 82 of the Civil Practice Act makes the waiving of a bond discretionary with the court.

The judgment entered contains a prayer and order granting an appeal to the Appellate Court of the Third

District without the defendant giving bond, the appeal to operate as a supersedeas. There being no authority under the provisions of the Civil Practice Act for the entry of such an order, it neither perfected an appeal nor had the effect of making any notice of appeal that might be given operate as a supersedeas without the giving of a bond. The right of appeal is purely statutory and the statute granting such right must be strictly complied with. *Hall v. First Nat. Bank of Pittsfield,* 330 Ill. 234; *Davison v. Heinrich,* 340 Ill. 349.

The appeal did not operate as a supersedeas and the circuit court had jurisdiction of the cause at the time the amendment complained of was made and the order entered modifying the judgment by striking therefrom the words, ''and that execution issue therefor,'' in pursuance of a motion made within 30 days of the rendition of said judgment, the time within which a judgment may be vacated, set aside or modified, as provided by sec. 269, ch. 110, Ill. State Bar Stats. 1935, and for that reason the contention of appellant that the circuit court was without jurisdiction to amend the judgment is without merit.

The amended and supplemental record was filed in the cause and became a part of the record. The appeal taken from the judgment was still pending in this court and it was not error to permit a supplemental record of the proceeding in the circuit court amending such judgment to be filed.

We are of opinion that there is no reversible error in the record in this cause and the judgment of the circuit court of Ford county, as amended, is affirmed.

*Affirmed.*