448

Lamoyne W. Steele, Appellee, v. Board of Education of Haw Creek Township High School District No. 178 et al., Appellants.

Gen. No. 9,049.

Opinion filed May 15, 1936.

HARDY, HARDY, HARDY & WITHERELL, of Galesburg, for appellants.

JOHN H. LEWIS, JR., and WALLACE THOMPSON, both of Galesburg, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellee instituted this suit as a taxpayer and resident of appellant school district, seeking to enjoin said district from providing free transportation for pupils residing without the territorial limits of the district. Upon a hearing of the cause, the court found for appellee and ordered injunction writ to issue as prayed. Appellants prosecute this appeal from said decree.

The substance of the complaint was that the defendant district was operating its busses in territory outside the limits of the district and furnishing free transportation to pupils who resided in such territory, to and from their homes. It is charged that the expense of providing such free transportation was paid for by

appellants out of public funds in their hands for school purposes, and that such expenditures were wrongful and without authority of law.

The board of education of a nonhigh school district has the power to furnish free transportation to pupils residing in such district. [Ill. State Bar Stats. 1935, ch. 122, ¶ 102 (par. Fifth thereof) (Smith-Hurd 1935).] The board of education of a high school district by virtue of the 18th clause of sec. 115, ch. 122, p. 819, Laws of 1927, of the School Act, may provide free transportation for pupils residing within such high school district.

The statute upon which appellants rest the right to furnish free transportation to and from its school to pupils residing in territory outside the boundaries of appellant district is the said 18th clause of sec. 115, ch. 122, of the laws of 1927, p. 819, appearing on p. 2858, Ill. State Bar Stats. 1935; p. 2931 Smith-Hurd 1935. We are of the opinion that high school districts are authorized to provide free transportation only to those pupils residing within the district.

The same question presented herein, and the same section of statute, were before the Appellate Court of the Third District in the case of *People ex rel. Dilks v. Board of Education*, 283 Ill. App. 378, wherein the statute construed and the question presented were decided adversely to the contention of appellants herein. Leave to appeal in the above case was denied by the Supreme Court at its April term, 1936.

We do not deem any further discussion of the matters involved in this case necessary. The decree of the trial court is affirmed.

*Decree affirmed.*