Gay Roley McClelland, Appellant, v. In re Estate of Alva Gorrell, Deceased. Clarence Gorrell, Executor of the Last Will and Testament of Alva Gorrell, Deceased, Appellee.

### Gen. No. 9,475.

Heard in this court at the October term, 1945. Opinion filed October 23, 1945. Rehearing denied December 15, 1945. Released for publication December 15, 1945.

DWIGHT H. DOSS, of Monticello, for appellant.

N. E. HUTSON, of Monticello, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal from an order of the circuit court which dismissed an appeal brought to that court from the county court acting in probate.

The appellant, Gay Roley McClelland, duly filed in the county court of Piatt county her claim in the amount of $3,425 against the estate of Alva Gorrell, deceased.

On October 14, 1944, the county court entered an order denying such claim. The order allowed an appeal and fixed the amount of the appeal bond at $100.

On November 2, 1944, an appeal bond in such amount was duly filed in and approved by the county court.

On November 29, 1944, the county clerk filed with the clerk of the circuit court the transcript on appeal.

On December 15, 1944, the executor of the estate entered in the circuit court his special appearance for the purpose of moving to dismiss the appeal for lack of jurisdiction of the circuit court. On January 16, 1945, the circuit court entered an order allowing such motion and dismissing such appeal.

The claimant appellant has brought this appeal from such last order.

The motion to dismiss stated that the claimant filed her appeal bond within the time provided by statute, but that the appeal should be dismissed because the claimant did not pay the fees and costs within the time provided by such statute.

The facts as to payment are as follows:

Attached to and filed with and made a part of the transcript on appeal to the circuit court was a certificate by the county clerk that the costs of the county clerk in connection with the appeal were as follows:

| | |
|---|---|
| Appeal Bond .............. | $ 1.00 |
| Filing claim ................ | .25 |
| Witness fees ................ | 3.30 |
| Preparing transcript ........ | 8.00 |
| Total ......... | $12.55 |

The certificate further stated that such costs "have been paid" by the attorney for the claimant, and that the cost of filing such appeal in the circuit court in the amount of $5 was paid by said attorney on November 2, 1944.

At the time of filing the appeal bond on November 2, 1944, the attorney for the claimant did not give the county clerk any cash, but gave to such clerk three checks, each signed by such attorney. One check for $4.55 was payable to the county clerk and was in payment of the costs which then appeared on such clerk's records. One check for $5 was payable to the circuit court clerk, and was to be in payment of the latter's filing fee when the transcript was thereafter filed in the circuit court by the county clerk. Such $5 check was delivered to the circuit court clerk by the county clerk at the time such transcript was filed in the circuit court and was then accepted by the circuit court clerk as his filing fee. The third check was payable to the county clerk but was left in a blank amount. The blank was not filled in at the time the check was drawn for the reason that the county clerk did not then know the cost of preparing the transcript and he suggested the leaving of such blank check. Before or at the time of filing the transcript in the circuit court the county clerk filled out the blank check for the amount of $8.

All checks were paid when presented for payment to the bank on which they were drawn.

In his brief filed in this court appellee says, "It is conceded that the sum of $4.55 was paid within the time required."

The only questions before us are whether the $5 filing fee of the circuit clerk and the balance of the fee of the county clerk, amounting to $8 for preparing the transcript, were paid within the required time.

The only sections of the statute applicable are secs. 330 and 332 [pars. 484, 486] of ch. 3, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 110.581, 110.583], which sections are as follows:

Section 330. Appeal to Circuit Court. "An appeal from any other order . . . of the probate court may be taken . . . to the circuit court by the fil-

ing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal. The bond shall be filed and approved and the fees and costs paid within twenty days after the entry of the order . . . appealed from or within such further time, not to exceed sixty days after the entry of the order . . . appealed from, as the probate court may allow on application made within the twenty days.''

Section 332. ''On payment of his fees therefor and of the costs of filing the proceeding in the circuit court, it is the duty of the clerk of the probate court to prepare a transcript of the record and within thirty days after the bond is approved to file the transcript with the clerk of the circuit court. The failure of the clerk of the probate court to do so does not affect the validity of the appeal.''

Such statute first became effective on July 24, 1939.

Apparently this is the first time a court of review has been called on to construe such statute so far as the question now raised is concerned.

In *Davison v. Heinrich*, 340 Ill. 349, the court held that under a somewhat similar statute the payment of the appeal fee of the circuit clerk within the time required by such statute was jurisdictional. In the *Davison* case the fees of the circuit clerk were not paid or attempted to be paid until the expiration of at least 63 days after the entry of the order appealed from, although the statute which allowed such an appeal provided that ''the fee provided by law for the filing of such appeal'' to the circuit court should be paid ''by the party praying for an appeal . . . within twenty days from the rendition of the judgment'' appealed from.

It is our opinion that the requirement of the statute for the prepayment of the ''costs and fees of the appeal'' is primarily intended for the protection of the officers of the court and to facilitate the collec-

tion of such costs and fees. (See *Seaboard Nat. Bank v. Fischer,* 98 Vt. 20, 124 Atl. 588; *Wright v. Walker County Fertilizer Co.,* 164 Ga. 260, 138 S. E. 151; *Drennen v. Johnson,* 65 Colo. 381, 176 Pac. 479.)

It will be noted that the appellee concedes that the sum of $4.55 was paid within the time required. Such sum of $4.55 was paid by check on the nineteenth day after the order appealed from was entered.

In *Johns v. McKibben,* 156 Ill. 71, in discussing the powers of a tax collector the court said at page 78: "It is familiar doctrine that the collector has no authority to receive anything in payment of taxes except money. He can not be required to receive a note or check on a bank, for such check would be only a conditional payment." However, at page 77, the court also said: "The collector undoubtedly might receive a check as payment, and if so received the transaction would constitute a valid payment of the taxes." In *Hubbard v. Auditor General,* 120 Mich. 505, 79 N. W. 979, the court held that the original owners of land were in no position to question the receipt by the auditor general of a check from tax title purchasers, where the check is paid and the deed issued, and in doing so said: "Relators are not in position to question the method of payment between the auditor general and tax-title purchasers. The auditor general saw fit to accept the check in payment. It was paid, and the deed issued. This point is ruled by *People v. Commissioner of the State Land Office,* 19 Mich. 469."

As to the payment of the filing fee on appeal to the clerk of the circuit court, it will be noted that sec. 330 provides for "the payment of the costs and fees of the appeal," but does not specifically say to whom they shall be paid,—while sec. 332 says that "on payment of his fees therefor and of the costs of filing the proceeding in the circuit court, it is the duty of the clerk of the probate court to prepare a

transcript of the record and within thirty days after the bond is approved to file the transcript with the clerk of the circuit court." Obviously the plain meaning and intent of such statute is that all such fees and costs, including the filing fee of the circuit clerk, shall in the first instance be collected by and paid to the clerk of the probate court, and that out of such fees and costs when paid the clerk of the probate court shall thereafter pay the filing fee of the clerk of the circuit court.

██ In apparent good faith the appellant, through her attorney, duly gave the clerk of the probate court a $5 check to cover the fee due the clerk of the circuit court. This check was a good check and was accepted as payment first by the clerk of the probate court and thereafter by the clerk of the circuit court from the clerk of the probate court. As to the payment of the balance of the fees and costs of the clerk of the probate court for making out the transcript, amounting to $8, it appears that the appellant, in effect and in apparent good faith, duly tendered payment thereof to the clerk of the probate court, but such clerk was unable to determine the amount, and that in lieu of cash the appellant, through her attorney, then gave to the clerk of the probate court and such clerk then accepted a blank check, with the express or implied authority to fill out such check for the correct amount when ascertainable,—which was done.

It is our opinion that appellee cannot successfully complain of the manner of payment, that the appeal was duly perfected, and that the trial court erred in allowing the motion to dismiss.

The judgment of the trial court is reversed and the cause is remanded to such court, with directions to deny the motion to dismiss the appeal, and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*