In the Matter of Estate of Edward A. Wolz, Deceased.
L. D. Turner and Ella P. Mueller, Appellants, v.
Thelma L. Lobsinger, Appellee.

Term No. 55–O–26.

Fourth District.
November 1, 1955.
Released for publication December 5, 1955.

W. E. Ackermann, of Belleville, for appellants.

John S. Huber, of Belleville, for appellee.

MR. PRESIDING JUSTICE BARDENS delivered
the opinion of the court.

Appellants' appeal to the Circuit Court of St. Clair
County from an order of the Probate Court admitting
a will to probate was dismissed on motion of appellee
because of appellants' failure to pay fees and costs in
the Probate Clerk's office within due time. Appellants
seek a reversal of this order contending that they have

substantially complied with the statutory requirements.

Section 484 of Chapter 3, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 110.581] provides as follows:

"An appeal . . . . may be taken by any person who considers himself aggrieved to the circuit court by the filing in, and the approval by, the probate court of an appeal bond and the payment of costs and fees of the appeal. The bond shall be filed and approved and the fees and costs paid within twenty days after the entry of the order, judgment or decree appealed from or within such further time, not to exceed sixty days after the entry of the order, judgment or decree appealed from, as the probate court may allow on application made within the twenty days."

In Davison v. Heinrich, 340 Ill. 349, 172 N. E. 770, the Supreme Court pointed out that appeal from the County Court to the Circuit Court is wholly statutory and that strict compliance with the statute is required. The evidence here reveals that the costs were paid to the Probate Clerk thirty days after the entry of the order admitting the Will to probate. No extension of time was requested. Appellants' attorney testified, however, that within the twenty day period he offered to pay the costs to the Deputy County Clerk but was advised that they could be paid when the transcript was subsequently completed. The Deputy Clerk did not recall such conversation.

Appellants' contention is that such statutory provision is designed solely to assist the County Clerks in the collection of their costs; that the legislature did not intend to make the appeal dependent upon paying costs. McClelland v. In re Estate of Gorrell, 327 Ill. App. 224, 63 N. E. 884, is cited in support of appellants' argument for a departure from a literal interpretation and enforcement of the statute. In that case, the appellants' attorney left several duly signed blank checks

with the County Clerk within the twenty day period. These checks were accepted by the clerk as payment of appeal costs though they were not filled out and deposited until after the twenty day period. The Appellate Court held that it could not direct dismissal of the appeal for failure to pay costs since such manner of payment had been accepted by the clerk within the statutory period. The offer to pay costs made within the twenty day period in the instant case is not equivalent to the mode of payment in the McClelland case.

The statute makes mandatory two conditions of appeal. One is furnishing bond and the other is payment of costs. Both requirements are for the benefit of other people and both are necessary to perfect appeal in accordance with the statute. In the light of the clear meaning of Sec. 484, the Circuit Court properly dismissed the appeal from the County Court. Any different action in this Court would clearly be judicial legislation.

Judgment affirmed.

CULBERTSON and SCHEINEMAN, JJ., concur.