Esther N. Smith, Plaintiff-Appellant, v. Estate of Theodore O. Womack, Deceased, Cloyce Womack, Defendant-Appellee.

Gen. No. 10,094.

Third District.

February 26, 1957.

Released for publication March 14, 1957.

Dyer, Richmond & Moore, of Hoopeston, for plaintiff-appellant; C. F. Dyer, Kenneth L. Richmond, and Joseph C. Moore, of counsel.

Hutton, Clark & Hutton, of Danville, for defendant.

JUDGE CARROLL delivered the opinion of the court.

Esther N. Smith, plaintiff, filed her claim against the estate of Theodore O. Womack, deceased, in the Probate Court of Vermilion County. Upon a hearing had on August 26, 1955, the said claim was allowed as of the seventh class.

On September 2, 1955, the defendant, Cloyce Womack, one of the heirs of Theodore O. Womack, deceased, filed an appeal bond in the probate court and on that date it was approved and ordered recorded by the judge of said court. Notice as to the time of presenting the appeal bond to the court for approval was not given to defendant or any of the other parties of record in the estate proceedings. The bond was conditioned upon payment of all costs occasioned by the appeal. The transcript of the record on appeal from the probate court was filed in the circuit court on September 6, 1955.

On September 8, 1955, the defendant filed a motion in the circuit court to dismiss plaintiff's claim on the ground that the same was barred by a prior judgment. This motion contained a detailed statement of the particular facts which allegedly supported the motion. No notice of the filing of this motion was given to plaintiff.

On September 2, 1955, plaintiff entered her special and limited appearance in the cause and moved for dismissal of the appeal on the grounds that notice of application for approval of the appeal bond by the probate court as required by the statute was not given and that said bond was defective in form. The court denied plaintiff's motion and allowed that of the defendant and ordered plaintiff's claim dismissed.

In appealing from the above order, plaintiff makes the following contentions: (1) that the circuit court did not acquire jurisdiction of the appeal because of defendant's failure to give notice of the presentation

of the appeal bond for approval; (2) that the appeal bond was defective and should have been stricken; (3) that plaintiff's claim was not barred by a prior judgment.

Attention will be first directed to the contention challenging the jurisdiction of the court since the sustaining thereof obviates the necessity of considering other points urged.

Prior to May 12, 1955, Sec. 330 of the Probate Act, Chap. 3, [§ 484] Ill. Rev. Stat. 1955, which relates to appeals from the probate to the circuit court, provided in part as follows:

"An appeal from any other order, judgment, or decree of the probate court may be taken by any person who considers himself aggrieved to the circuit court by the filing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal."

As of the above date, this section was amended by adding thereto the following:

"The person taking the appeal shall give such notice as the court directs of the time when the appeal bond will be presented to the court for approval to each person who has entered his written appearance in the proceeding in which the order, judgment or decree of the probate court was entered."

It is admitted that defendant did not comply with the requirement provided by the 1955 amendment. He argues however that his appeal was perfected by the filing and approval of the bond and payment of costs. As a result the only question to be resolved is whether despite defendant's failure to follow the statute the circuit court nevertheless acquired jurisdiction of the cause.

An appeal to the circuit court from an order of the probate court in estate proceedings is wholly statutory and strict compliance with the statute granting

such right is required. Davison v. Heinrich, 340 Ill. 349; McCormick v. Meisenheimer, 337 Ill. 65; In re Hills' Estate, 305 Ill. App. 193.

Prior to its amendment in 1955, the three essential steps in perfecting appeals from the probate to the circuit court required by Sec. 330 of the Probate Act were (1) filing in the probate court an appeal bond (2) approval of such bond by the probate court and (3) payment of the costs and fees of the appeal. By the amendment the legislature saw fit to provide that in addition to complying with the above requirements, a person taking such an appeal shall give such notice as the court directs of the time when the appeal bond will be presented to the probate court for approval to all persons who have entered their appearances in the proceeding in which the appeal is taken. It thus appears that subsequent to the amendment the taking of only the first three steps mentioned does not constitute compliance with Sec. 330 as amended.

The question which logically follows is whether the probate court had authority to approve the appeal bond in the absence of an order directing the giving of notice and proof of compliance therewith.

Precedent as to the interpretation of the statutory amendment under consideration is not available since no case arising thereunder appears to have reached a reviewing court. However, in several cases, our courts have dealt with questions arising under other statutes sufficiently analogous to Sec. 330 as amended, to be helpful in determining the construction to be placed thereon. In Reizer v. Mertz, 223 Ill. 555, the court considered the effect of the failure of an executor or administrator to comply with Sec. 112 of the Administration Act as then in force which provided "no final settlement shall be made and approved by the court, unless the heirs of the decedent have been notified thereof, in such manner as the court may direct."

Without applying to the county court for any directions with reference to notice to the heirs, the executor published a notice addressed to the heirs and creditors of the estate in a newspaper that upon a certain date his final report would be presented for approval. No notice was actually served upon the heirs. An appeal was prosecuted by one of the heirs from an order of the county court approving the executor's final report. The Supreme Court held that since the executor's notice to the heirs was published without direction of the county court, it was published without authority of law and failed to confer upon such court jurisdiction as against the appellant and its order approving the final report was void as to him.

In the case of In re Estate of Wolz, 7 Ill.App.2d 517, the question presented was the propriety of an order of the circuit court dismissing an appeal because of appellant's failure to pay fees and costs in the probate clerk's office within the twenty days provided by Sec. 330 of the Probate Act. The appellate court in affirming the judgment of the trial court had this to say:

"The statute makes mandatory two conditions of appeal. One is furnishing bond and the other is payment of costs. Both requirements are for the benefit of other people and both are necessary to perfect appeal in accordance with the statute. In the light of the clear meaning of Sec. 484, the Circuit Court properly dismissed the appeal from the County Court. Any different action in this Court would clearly be judicial legislation."

██ We think the ruling in both the Wolz and Reiser cases applicable to the situation presented on this appeal. Clearly the 1955 amendment to the statute has in addition to requiring the furnishing of bond and the payment of costs, imposed the further condition that the appellant give notice of the application for approval of the bond in such manner as the probate

court directs. Until compliance is had with this mandatory requirement of the statute, the probate court is without authority to approve an appeal bond. No other conclusion can be reached unless the plain language of the amendment is ignored. If this court should hold compliance with the amendment unnecessary, then it would in effect be rewriting a statute which is beyond its powers.

Since this record fails to indicate that the probate court directed the giving of notice by defendant of his application for approval of the appeal bond, we are of the opinion that it lacked jurisdiction to approve such bond. The judgment of the circuit court is therefore reversed.

Reversed.