In the Matter of the Estate of Helena Kamp, Deceased. (Alma Heath as Executor of the Will of Helena Kamp, Deceased, Appellant.)

Gen. No. 11,554.

Second District, First Division.
December 11, 1961.

Walter C. Overbeck, of Henry, and Edward Haugens, of Toluca, for appellant.

Black, Black & Borden, of Peoria, for appellee.

DOVE, P. J.

On November 25, 1957 the County Court of Marshall County sitting in probate, entered an order admitting the last Will of Helena Kamp to probate and appointing Alma Heath executor thereof. Alma Heath qualified and entered upon the discharge of her duties as such executor.

Thereafter six heirs and devisees of Helena Kamp filed their petition in that court praying for an order removing Alma Heath as such executor. A hearing was had resulting in an order which revoked the letters testamentary theretofore issued to Alma Heath, removing her as such executor, and directing her to file a

final account of her administration, as such executor, on or before March 1, 1961. This order is dated January 23, 1961 and was filed January 26, 1961.

On February 6, 1961, the court fixed the amount of an appeal bond at $500.00 and entered an order extending the time for presenting the same for approval to February 20, 1961. On that day the appeal bond of Alma Heath was approved and filed and the filing fee of $10 for an appeal was paid by her to the County Clerk. On March 21, 1961 the County Clerk informed counsel for the executor that the cost of the transcript of the proceedings in the County Court was $44. This amount was paid by the executor to the clerk and the transcript was thereupon filed in the circuit court on March 21, 1961.

On April 3, 1961 the heirs and devisees of Helena Kamp who had petitioned the County Court for the removal of Alma Heath as executor filed in the circuit court their motion to dismiss the appeal on the ground that the cost of preparing the transcript had not been paid to the County Clerk within the time provided by law. The executor filed her countermotion to strike the motion to dismiss the appeal and supported the same by affidavits of the deputy county clerk and by her counsel. A hearing was had at which these parties testified and at the conclusion of the hearing the circuit court entered an order dismissing the appeal. To reverse that order the executor appeals.

The applicable provisions of the Probate Act are: "An appeal from any order, judgment, or decree of the probate court may be taken by any person who considers himself aggrieved to the circuit court by the filing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal. . . . The bond shall be filed and approved and the fees and costs paid within 20 days after the entry of the order, judgment, or decree appealed from

or within such further time, not to exceed 60 days after the entry of the order, judgment, or decree appealed from, as the probate court may allow on application made within the 20 days." (Ill Rev Stats 1959, c 3, § 330, par 484.) "On payment of his fees therefor and of the costs of filing the proceeding in the circuit court, it is the duty of the clerk of the probate court to prepare a transcript of the record and within thirty days after the bond is approved to file the transcript with the Clerk of the Circuit Court. The failure of the clerk of the probate court to do so does not affect the validity of the appeal." (Ill Rev Stats 1959, c 3 § 332, par 486.)

Counsel for appellee insist that in order to perfect an appeal from the County Court in probate to the circuit court, there are three jurisdictional requirements, (1) filing an appeal bond in the probate court, (2) having the bond approved by the probate court and (3) paying the fees and costs of the appeal. Counsel insist that these requirements must be met within twenty days from the date of the final order or within such further extension of time as the court may allow, on application made, within the twenty day period. In support of this contention appellee cites, In re Estate of Wolz, 7 Ill App2d 517, 130 NE2d 116 and Smith v. Estate of Womack, 12 Ill2d 315, 145 NE2d 923.

Counsel for appellant concede that the statute requires the payment of fees and costs, together with the filing of an approved appeal bond in the probate court, but insists that, in the instant case, an approved appeal bond was filed in the probate court within twenty days from the date of the final order of the probate court; that the filing fee to be paid to the Circuit Clerk was paid to the County Clerk within said twenty day period; that counsel for appellant, at the same time he filed the approved appeal bond and paid the clerk the filing fee on appeal, offered to pay the clerk the cost of the

transcript; that the clerk declined to tell appellant the amount thereof, informing appellant he was unable to do so because he did not know the number of pages there would be and that the payment of the cost of the transcript within the twenty day period was impossible due solely to the inability of the clerk to inform appellant of the amount thereof.

There is no dispute as to the facts. On the afternoon of February 20, 1961 the attorney for appellant came to the office of the Clerk of the County Court and informed the clerk that the appeal bond had been approved by the County Court. Previous to that time, and on February 6, 1961, the County Court had fixed the amount of the appeal bond at $500 and extended the time for presenting the same for approval until February 20, 1961. On February 20, 1961 the appeal bond was not only approved and filed but counsel for appellant paid to the County Clerk $20.00 which counsel for appellant and the clerk assumed was the correct amount for filing the transcript on appeal in the circuit court. At the same time counsel for appellant filed with the County Clerk a praecipe for the transcript and orally requested the clerk to prepare the transcript of the proceedings in the Helena Kamp estate, inquired of the clerk the cost thereof and offered to pay to the clerk the cost thereof. The clerk told counsel for appellant that he did not know how many pages there would be; that it would, therefore, be impossible for him to tell him what the cost would be and required counsel to postpone payment therefor until the clerk knew the cost thereof; that he would prepare the transcript and upon its completion he would inform counsel of the cost. The clerk further testified that he well knew that counsel for appellant was, on February 20, 1961, ready, willing and able to pay to the clerk the cost of the transcript and well knew that counsel for

appellant would have paid the costs that day but counsel did not do so because the clerk did not know and could not determine the cost thereof.

In McClelland v. In re Estate of Gorrell, 327 Ill App 224, 63 NE2d 884, it appeared that the County Court of Piatt County, in probate entered an order on October 14, 1944 denying the claim of Gay Roley McClelland filed by him against the Estate of Alva Gorrell and fixing the amount of an appeal bond at $100. On November 2, 1944 the appeal bond was approved and filed in the County Court. On November 29, 1944 the transcript on appeal was filed with the clerk of the circuit court. On December 15, 1944 the circuit court sustained the motion of the executor to dismiss and the claimant appealed.

At the time of filing the appeal bond in the Gorrell Estate case, counsel for appellant gave the clerk three checks each signed by counsel. One of these checks was for $4.55 payable to the County Clerk and was in payment of the costs which had been taxed by the clerk. A second check was for $5 payable to the Circuit Clerk for filing the transcript of the record in the circuit court. The third check was payable to the County Clerk but was left in a blank amount. The blank was not filled in at the time the check was drawn because the County Clerk did not then know the cost of preparing the transcript. Before or at the time the transcript was filed in the circuit court, the clerk filled out the blank check for the amount of $8, the cost of the transcript. All checks were subsequently paid by the bank on which they were drawn.

In the course of its opinion reversing the order of the circuit court dismissing the appeal, the Appellate Court held that the appeal was duly perfected, and omitting citations, said (pp 228, 229, 230):

"It is our opinion that the requirement of the statute for the prepayment of the 'costs and fees of

the appeal' is primarily intended for the protection of the officers of the court and to facilitate the collection of such costs and fees. . . . As to the payment of the filing fee on appeal to the clerk of the Circuit Court, it will be noted that sec. 330 provides for 'the payment of the costs and fees of the appeal', but does not specifically say to whom they shall be paid,—while sec. 332 says that 'on payment of his fees therefor and of the costs of filing the proceeding in the Circuit Court it is the duty of the Clerk of the probate court to prepare a transcript of the record and within thirty days after the bond is approved to file the transcript with the clerk of the Circuit Court.' Obviously the plain meaning and intent of such statute is that all such fees and costs, including the filing fee of the circuit clerk, shall, in the first instance, be collected by and paid to the clerk of the probate court, and that out of such fees and costs, when paid, the clerk of the probate court shall thereafter pay the filing fee of the clerk of the circuit court. In apparent good faith the appellant, through her attorney, duly gave the clerk of the probate court a $5 check to cover the fee due the clerk of the circuit court. This check was a good check and was accepted as payment first by the clerk of the probate court and thereafter by the clerk of the circuit court from the clerk of the probate court. As to the payment of the balance of the fees and costs of the clerk of the probate court for making out the transcript, amounting to $8, it appears that the appellant, in effect and in apparent good faith, duly tendered payment thereof to the clerk of the probate court, but such clerk was unable to determine the amount, and that in lieu of cash the appellant through her attorney, then gave to the clerk of the probate court and

> such clerk then accepted a blank check, with the
> express or implied authority to fill out such check
> for the correct amount when ascertainable, which
> was done."

In Smith v. Estate of Womack, 12 Ill2d 315, 145 NE2d 923, a claim against the estate of Theodore O. Womack was allowed by the probate court. An appeal was taken to the circuit court and a transcript of the record was filed in the circuit court as provided by the statute. An appeal bond was approved by the probate court and filed therein and all the costs and fees were paid to the clerk of the probate court within twenty days from the date of the allowance of the claim but no notice of the time when the appeal bond would be presented to the court for approval was ever given, and it was claimed, on appeal to the circuit court, that such failure was fatal to the appeal. The circuit court declined to so hold but the appellate court reversed the judgment of the circuit court and held that the circuit court lacked jurisdiction because of the failure to give the notice as required by the statute. Upon a further appeal, the supreme court, reversing the judgment of the appellate court, held that failure to give such notice, as required by the statute, was not jurisdictional and that the only effect of not giving the statutory notice was to postpone the right of questioning the sufficiency of the appeal bond until the cause reached the circuit court.

In In re Estate of Wolz, 7 Ill App2d 517, 130 NE2d 116 the circuit court of St. Clair County dismissed an appeal from the probate court which had entered an order admitting a will to probate. The costs were not paid to the clerk of the probate court until thirty days after the entry of the order admitting the will to probate. Upon the hearing in the circuit court, upon the motion to dismiss, appellant's attorney testified that

within the twenty day period after the probate court had entered an order admitting the will to probate, he offered to pay the costs of the transcript to the deputy county clerk but was advised by the deputy that the costs could be paid when the transcript was subsequently completed. The deputy testified but did not recall any such conversation. The appellate court affirmed the judgment of the circuit court in dismissing the appeal and in the course of its opinion cited McClelland v. In re Estate of Gorrell, 327 Ill App 224, 63 NE2d 884 and distinguished that case by stating that the signed blank checks which had been left with the county clerk in that case within the twenty day period, although not filled out or deposited until after the twenty day period had elapsed, had been accepted by the clerk within the statutory period. The court then went on to say that the offer to pay in the Wolz case, made within the period of twenty days was not equivalent to the mode of payment in the Gorrell Estate case. The court concluded (p 519) : "The statute makes mandatory two conditions of appeal. One is furnishing bond and the other is payment of costs. Both requirements are for the benefit of other people and both are necessary to perfect appeal in accordance with the statute. In the light of the clear meaning of sec 484, the circuit court properly dismissed the appeal from the county court. Any different action in this court would clearly be judicial legislation."

In the instant case the order sought to be appealed from was entered on January 26, 1961. On February 6, 1961, upon application of counsel for appellant, the probate court entered an order extending the time for presenting an appeal bond for approval, to February 20, 1961. On that day the appeal bond was approved and filed and counsel for appellant paid the clerk $20 upon the assumption that the filing fee in the circuit court was that amount instead of $10. At that time

61

counsel for appellant ordered a transcript of the record and offered to pay to the county clerk the cost thereof but the County Clerk was unable to tell him the amount, stating that he, the clerk, would go ahead and prepare the transcript as directed and that counsel could pay him at the time of its delivery. No one questions the good faith of counsel for appellant or the County Clerk. The appeal bond had been approved and filed within the statutory period. The transcript was ordered and the clerk, in obedience to the statute and the request of appellant's counsel, prepared and filed, in the office of the circuit clerk the transcript of the record, within the thirty day period provided by law.

Under the statute the clerk was not required to prepare the transcript until his fees were paid but the clerk rightfully treated the tender of counsel for appellant of his fees on February 20, 1961 as payment of his fees and prepared the transcript the same as if his fees had been fully paid. The clerk is not complaining. As said in the Gorrell Estate case, the provisions of the statute requiring payment of costs of the appeal are for the protection of the clerk. As between appellant, represented by her counsel, and the clerk, the fees of the transcript were paid. Had he left a blank check as was done in the Gorrell Estate case, that would have been sufficient. What was done in this case, under the undisputed facts shown by this record, must also be held to be sufficient. The clerk testified that counsel for appellant was ready, willing, able and anxious to pay whatever the cost of the transcript might be but was prevented from doing so because the clerk told him that he, the clerk, could not determine the amount. Instead of judicial legislation, it seems to us that it would be a travesty on justice and a reproach upon the due administration of the law to deprive appellant, upon the facts as disclosed by this record, of her statu-

tory right to have the order of the probate court reviewed by the circuit court.

Counsel for appellant has called to our attention the cases of Short v. Cohen, 11 Ga 39 and Crawford v. Cate, 20 Ga 69. We have read these cases and they sustain appellant's contention. In the Short case it appeared that the defendants, within the time prescribed by law had delivered an appeal bond to the clerk and in this bond the clerk recited that the costs were paid. The clerk, however, had not received the costs, and upon that ground it was sought to dismiss the appeal. In the course of its opinion, affirming the judgment of the court below, the Supreme Court of Georgia said that the proof showed two things, first that in legal effect the costs were paid and second that it was the act of the clerk and not the act of the defendants which caused the costs not to be literally paid; that the defendants were there, ready and willing to pay, and would have paid the costs had not the clerk declined to receive the costs in order to get time to make out the bill. The court then went on to say that the meaning of the statute was that a party shall not have the benefit of an appeal if he neglects or refuses to pay the costs but that it did not mean that a party should be deprived of the right of appeal by the neglect or omission of the clerk.

For the reasons stated the judgment of the circuit court of Marshall County is reversed and this cause is remanded to that court with directions to overrule the motion to dismiss the appeal.

Reversed and remanded with directions.

SMITH and McNEAL, JJ., concur.